## GNERICH et al. v. YELLOWLEY.

(Circuit Court of Appeals, Ninth Circuit.    January 9, 1922.   Rehearing Denied February 20, 1922.)

No. 3706.

1. **Injunction ⟨⟩114(3)—Commissioner of Internal Revenue is necessary party to a bill to restrain enforcement of restrictions in permit issued by him.**

The Commissioner of Internal Revenue, who was authorized by National Prohibition Act, tit. 2, §§ 1, 2, 4–6, to issue a permit for the manufacture, sale, etc. of intoxicating liquor for other than beverage purposes, is a necessary party to a suit to restrain the enforcement of restrictions as to the quantity of such liquors sold contained in a permit issued by him, and a bill brought against the Acting Prohibition Director alone must be dismissed.

2. **Injunction ⟨⟩22—Bill against acting prohibition director properly dismissed after defendant ceased to be such officer.**

A bill brought against the acting prohibition director to restrain the enforcement of restrictions on the quantity of intoxicating liquors which might be sold contained in a druggist's permit to sell was properly dismissed after the defendant had ceased to be the prohibition director, even if he could be deemed to have been such an agent of the Commissioner of Internal Revenue as to authorize suit against him without joining the Commissioner.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; William C. Van Fleet, Judge.

Suit by Waldemar Gnerich and another, copartners doing business under the firm name and style of the B. & S. Drug Company, against E. C. Yellowley, as Acting Prohibition Director in and for the District of California. From a decree dismissing the bill, complainants appeal. Affirmed.

Harry G. McKannay, of San Francisco, Cal., for appellants.

John T. Williams, U. S. Atty., of San Mateo, Cal., and T. J. Sheridan, Asst. U. S. Atty., of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge.    An addition to the Constitution of the United States made by the adoption of the Eighteenth Amendment prohibits the manufacture, sale, or transportation of intoxicating liquors for beverage purposes within the United States and all territory subject to the jurisdiction thereof, and also the importation thereof into or the exportation thereof from the United States and all territories subject to its jurisdiction, and further declares that the Congress and the several states shall have concurrent power to enforce those provisions by appropriate legislation.

Acting under and in pursuance of the power thus conferred upon it by the Constitution, Congress passed on October 28, 1919, an act entitled:

"An act to prohibit intoxicating beverages, and to regulate the manufacture, production, use, and sale of high-proof spirits for other than beverage pur-

poses, and to insure an ample supply of alcohol and promote its use in scientific research and in the development of fuel, dye, and other lawful industries." 41 Stat. 305.

The decree appealed from dismissed a bill of complaint filed by the appellant drug company on the ground that it did not state facts sufficient to constitute a cause of action against the defendant as acting prohibition director in and for the district of California. After setting forth the jurisdictional facts and the nature of the appellants' business, and the appointment and qualification of the defendant prohibition director, the bill alleges that on January 16, 1920, the federal Prohibition Commissioner and the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, published "Regulations 60 Relative to the Manufacture, Sale, Barter, Transportation, Importation, Exportation, Delivery, Furnishing, Purchase, Possession and Use of Intoxicating Liquor under Title II of the National Prohibition Act of October 28, 1919, Providing for the Enforcement of the Eighteenth Amendment of the Constitution of the United States," which rules and regulations are still in effect, and that pursuant thereto the complainants on the 29th day of September, 1920, applied for and were granted by the federal Prohibition Commissioner at Washington, on the form prescribed by the regulations, a permit "to use and sell intoxicating liquors for other than beverage purposes," in the following particulars, to wit:

"1. In the manufacture of United States Pharmacopœia and National Formulary preparations unfit for use as a beverage.

"2. In selling in quantities not exceeding one pint, to persons not holding permits to purchase when medicated according to any one of the seven formulæ set forth in section 61 of the aforesaid regulations prescribed by said Treasury Department.

"3. In compounding medicinal preparations on physicians' prescriptions or otherwise medicated according to the standard set forth in paragraph A, section 60, of the aforesaid regulations, prescribed by said Treasury Department, and put up in advance of order for sale, and in quantities not exceeding five gallons in a period of ninety days.

"4. In selling retail as such to others holding permits which confer authority to purchase and use intoxicating liquors for nonbeverage purposes.

"5. In dispensing as such on physicians' prescriptions given on form 1403 prescribed by the Treasury Department of the United States internal revenue, in quantities not exceeding one pint in ten days to the same person, and for nonbeverage purposes."

The bill further alleges that the complainants were required by the regulations to set forth, and in their application for the permit did set forth, that the kind and the probable maximum quantity of "intoxicating liquors" that they desired to sell or use in their business during any quarterly period would be 283 proof gallons of alcohol, 157 proof gallons of whisky, and 5 gallons of wine and 4½ proof gallons of brandy; that their said application was duly verified and was accompanied by a bond in the form and amount required by the regulations to cover the maximum quantities of intoxicating liquors set forth in the application as desired to be used or sold by them, a copy of which application was annexed to and made a part of the bill. The bill alleges that under date November 26, 1920, the Prohibition Commissioner at Washington issu-

ed to the complainants a permit under and in pursuance of the National Prohibition Act authorizing and permitting them to use and sell intoxicating liquors for other than beverage purposes, in conformity with their said application, "but arbitrarily and without authority of law or regulation, inserted in said permit the restriction that 'this permit is issued for one hundred gallons of distilled spirits and five gallons of wine' for each quarterly period," which permit is also annexed to and made a part of the bill.

The bill alleges that the said permit has not been revoked, and that by virtue of it the complainants, on February 17, 1921, made application to the defendant as prohibition director for the district of California, on the form and in the manner prescribed by the regulations of the Treasury Department, for a permit to purchase one barrel of grain alcohol for the uses set forth in the permit, which application was on the 2d of March, 1921, returned to the complainants by the defendant, for the reason that the purchase of the said barrel of alcohol would allow the complainants to withdraw in excess of 100 gallons of distilled spirits per quarter, as more fully appears from his letter, a copy of which is annexed to and made a part of the bill; that numerous other similar applications of the complainants for permits to purchase alcohol and intoxicating liquors had been likewise disapproved by the defendant upon like grounds, all of which refusals, it is alleged, have resulted in great injury to the complainants in their business of pharmacists, and have prevented them from lawfully pursuing such business in using, dispensing, and selling such alcohol and intoxicating liquors for other than beverage purposes, to their great and irreparable damage.

The bill alleges that the restriction so fixed by the Commissioner in the said permit "is arbitrary, unlawful, unreasonable, and void as constituting an unwarranted usurpation of legislative powers by an administrative officer of the executive department of the government of the United States, and is an attempt by said official to invalidate and repeal those portions of the National Prohibition Act which recognize and permit the lawful use of 'intoxicating liquor' for medicinal and nonbeverage purposes, and is a violation of the rights, privileges, and duties conferred upon complainants as pharmacists, under the provisions of said act"; that the said restriction is not necessary to the enforcement of any of the provisions of that act, nor is it authorized by any rule or regulation published by the authority thereof; that because of the said restriction the complainants have been prevented from filling many prescriptions lawfully issued by licensed physicians resident in the southern division of the northern district of California, and issued by them under permits on the form and in the manner prescribed by law.

The prayer of the bill was that the defendant to it show cause why the limit so fixed in the permit issued to complainants should not by him be disregarded pending the final hearing and determination of the cause, and that upon final hearing the defendant be perpetually restrained from enforcing as against the complainants the restrictions complained of.

The constitutional amendment imposes no prohibition upon either the manufacture, sale, or transportation of intoxicating liquor for non-

beverage purposes, nor does it undertake in any way to define what shall constitute intoxicating liquor, but Congress did the latter in its National Prohibition Act, and also enacted numerous most stringent provisions for the giving effect to the constitutional amendment, and in the endeavor to prevent its evasion.

Section 1 of title 2 of the act defines the meaning of the words "person," "commissioner," "application," "permit," and "bond," as used therein, and by the seventh subdivision of that section declares:

"The term 'regulation' shall mean any regulation prescribed by the commissioner with the approval of the Secretary of the Treasury for carrying out the provisions of this act, and the Commissioner is authorized to make such regulations. Any act authorized to be done by the Commissioner may be performed by any assistant or agent designated by him for that purpose. Records required to be filed with the Commissioner may be filed with an Assistant Commissioner or other person designated by the Commissioner to receive such records."

Section 4 enumerates various articles therein declared not subject to the provisions of the act if they correspond with certain specified descriptions and limitations, in which event the Commissioner is authorized to issue a permit for their sale. By section 5, however, it is provided that, whenever the Commissioner has reason to believe that any of such articles do not correspond with the descriptions and limitations specified in section 4, he shall make an investigation upon prescribed notice, and, in the event that the manufacturer of such an article fails to show to his satisfaction that the article corresponds to the descriptions and limitations provided in section 4, his permit shall be revoked. And that section concludes with the provision that—

"The manufacturer may by appropriate proceeding in a court of equity have the action of the Commissioner reviewed, and the court may affirm, modify, or reverse the finding of the Commissioner as the facts and law of the case may warrant, and during the pendency of such proceedings may restrain the manufacture, sale, or other disposition of such article."

By section 6 it is declared, among other things, that no one shall manufacture, sell, purchase, transport, or prescribe any liquor without first obtaining a permit from the Commissioner so to do, except that a person may, without a permit, purchase and use liquor for medicinal purposes when prescribed by a physician as therein provided. The life of such permits is prescribed, and it is declared that they shall specify the quantity and kind of liquor to be purchased and the purpose for which it is to be used, power being given the Commissioner to prescribe the form of all such permits and of the applications therefor, and to require bond in such form and amount as he may prescribe, and further as follows:

"No permit shall be issued to any one to sell liquor at retail, unless the sale is to be made through a pharmacist designated in the permit and duly licensed under the laws of his state to compound and dispense medicine prescribed by a duly licensed physician. No one shall be given a permit to prescribe liquor unless he is a physician duly licensed to practice medicine and actively engaged in the practice of such profession. Every permit shall be in writing, dated when issued, and signed by the Commissioner or his authorized agent. It shall give the name and address of the person to whom it is issued and shall designate and limit the acts that are permitted and the time

when and place where such acts may be performed. No permit shall be issued until a verified, written application shall have been made therefor, setting forth the qualification of the applicant and the purpose for which the liquor is to be used."

And section 6 contains this further provision:

"In the event of the refusal by the Commissioner of any application for a permit, the applicant may have a review of his decision before a court of equity in the manner provided in section 5 hereof."

We think we are precluded from deciding or considering the merits of the case: First, by the fact that the Commissioner of Internal Revenue was not made a party to the suit; and, secondly, by the fact that the defendant acting prohibition officer ceased to be such during its pendency.

[1] It is the Commissioner of Internal Revenue, as will be seen from the provisions of the National Prohibition Act that have been referred to, who is authorized to issue a permit for the manufacture, sale, purchase, transportation, or prescription of any intoxicating liquor, and the bill in the present case expressly alleges that it was the Commissioner who issued the permit upon which the complainants relied, alleging the invalidity of that portion of it restricting the permit to 100 gallons of distilled spirits and 5 gallons of wine; and yet the Commissioner was not made a party to the bill, the very purpose of which was to control his action. That under such circumstances the bill could not be maintained, even conceding that it states facts sufficient to constitute a cause of action in the complainants' favor, is clearly shown by the decision of the Supreme Court in Warner Valley Stock Co. v. Smith, 165 U. S. 28, 17 Sup. Ct. 225, 41 L. Ed. 621, and cases there cited.

[2] Even if the acting prohibition director, made sole defendant to the bill, could be held as agent of the Commissioner to dispense with the necessity of making the latter a party, that defendant ceased to be such officer pending the suit.

The judgment of dismissal is affirmed.