GNERICH ET AL., COPARTNERS, DOING BUSINESS UNDER THE FIRM NAME OF B. & S. DRUG COMPANY *v.* RUTTER, AS PROHIBITION DIRECTOR IN AND FOR THE DISTRICT OF CALIFORNIA.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 79. Argued March 10, 1924.—Decided June 2, 1924.

1. The "Prohibition Commissioner" and "Prohibition Directors", are no more than mere agents and subordinates of the Commissioner of Internal Revenue, provided for and designated under regulations adopted by him pursuant to the National Prohibition Act. P. 391.

2. Pharmacists sued to restrain a local prohibition director from refusing them permits to buy liquors to be dispensed for nonbeverage purposes in excess of a limit fixed in their permit to sell as issued by the Prohibition Commissioner, the plaintiffs denying the legality of the restriction even if authorized by regulations of the Commissioner of Internal Revenue. *Held,* that the Commissioner of Internal Revenue was a necessary party. *Id.*

3. A bill which is defective for want of a necessary party should be dismissed on that ground, and not upon the merits. P. 393.

277 Fed. 632, reversed.

APPEAL from a decree of the Circuit Court of Appeals which affirmed a decree of the District Court dismissing a bill brought to restrain a "prohibition director" from giving effect to a restriction contained in the plaintiffs' permit to sell intoxicating liquors.

*Mr. Harry G. McKannay,* with whom *Mr. Louis V. Crowley* was on the brief, for appellants.

The Commissioner of Internal Revenue was not a necessary party.

The "Prohibition Commissioner" is a creature of the regulations, published by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury. Being a creature of the regulations, he had only

such powers as are specifically granted to him therein. The law or the regulations do not grant that officer any discretion to insert the restrictions in appellants' permit of which we complain. The regulations are the mode and the measure of his power, and unless they authorize him, in his official capacity, to determine the amount of liquor that can lawfully be used and dispensed by the appellants, then such an attempted limitation and prohibition was his personal action, without official sanction and as void as if it had been inserted in the permit as a prank or a joke by a total stranger.

The Circuit Court of Appeals expressed in its opinion the view that it is " the very purpose of this action to control the action of the Commissioner of Internal Revenue." This we submit is error, inasmuch as we are unable to attribute to that official responsibility for any of the acts of which we complain, and we know of no conduct on his part that in any manner infringes upon our rights, unless it be held that the acts of the National Prohibition Commissioner and the appellee are consistent with and authorized by the language and provisions of the regulations published by the Commissioner of Internal Revenue.

Furthermore, assuming, as we contend, that Congress had no power to place in the National Prohibition Act the restrictions and prohibitions set forth therein against the practice of medicine and pharmacy, then the enforcement of those restrictions can be enjoined as against any public officer attempting to enforce them.

*Mrs. Mabel Walker Willebrandt,* Assistant Attorney General, with whom *Mr. Solicitor General Beck* and *Mr. Mahlon D. Kiefer* were on the brief, for appellee.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

This is a suit for an injunction against the federal prohibition director for California restraining him from giv-

ing effect to a particular restriction embodied in a permit, issued under the National Prohibition Act, authorizing the plaintiffs, who are licensed pharmacists conducting a general drug business in San Francisco, to use and sell in such business intoxicating liquors for other than beverage purposes. The District Court dismissed the bill as not stating a cause of action, and the Circuit Court of Appeals affirmed the decree on the ground that the suit could not be maintained without making the Commissioner of Internal Revenue a party defendant. 277 Fed. 632. The plaintiffs prosecute this appeal.

The National Prohibition Act, c. 85, Title II, 41 Stat. 307, commits its administration to the Commissioner of Internal Revenue; authorizes him to prescribe regulations for carrying out its provisions, and declares, in clause 7 of § 1, that any act authorized to be done by the commissioner " may be performed by any assistant or agent designated by him for the purpose."

The act directly prohibits the manufacture, sale, etc. of intoxicating liquors for beverage purposes, and further provides, in § 3, that liquor for nonbeverage purposes may be manufactured, purchased, sold, etc., " but only as herein provided," and, in § 6, that no one shall manufacture, sell, purchase, etc., any liquor " without first obtaining a permit from the commissioner so to do "; that no permit shall be issued to anyone to sell at retail, unless the selling is to be through a pharmacist designated in the permit and licensed under the state law to compound and dispense medicine under a physician's prescription; that every permit shall be " signed by the commissioner or his authorized agent " and shall " designate and limit the acts that are permitted "; that the commissioner " shall prescribe the form of all permits ", and that where he refuses a permit the applicant " may have a review of his decision before a court of equity."

The regulations prescribed provide for and designate a general agent of the Commissioner of Internal Revenue, called a prohibition commissioner, who is authorized, among other things, to issue and sign permits to sell liquor at retail for medicinal purposes through licensed pharmacists, and also a local agent in each State or district, called a prohibition director, who is authorized, among other things, to issue and sign permits to purchase liquor to be used and sold under the permits last mentioned. The regulations further contain a provision that "Every permit will clearly and specifically designate and limit the acts that are permitted and the time when and the place where such acts may be performed."

The permit held by the plaintiffs was issued and signed by the prohibition commissioner; and the restriction therein of which the plaintiffs complain says, "This permit is issued for 100 gallons of distilled spirits and 5 gallons of wine per quarterly period." The director adhered to the restriction by refusing to give the plaintiffs permits to purchase in excess of those quantities. The plaintiffs allege that the restriction was put in the permit without any lawful authority; that, if it be authorized by the regulations, the latter are void, and that the director by giving effect to it is wrongfully subjecting the plaintiffs to irreparable injury.

The act and the regulations make it plain that the prohibition commissioner and the prohibition director are mere agents and subordinates of the Commissioner of Internal Revenue. They act under his direction and perform such acts only as he commits to them by the regulations. They are responsible to him and must abide by his direction. What they do is as if done by him. He is the public's real representative in the matter, and, if the injunction were granted, his are the hands which would be tied. All this being so, he should have been made a party defendant—the principal one—and given

opportunity to defend his direction and regulations. *Litchfield* v. *Register and Receiver,* 9 Wall. 575, 578; *Plested* v. *Abbey,* 228 U. S. 42, 50–51. In principle, *Warner Valley Stock Co.* v. *Smith,* 165 U. S. 28, is well in point. There an injunction was sought against the Secretary of the Interior and the Commissioner of the General Land Office to prevent them from giving effect to prior orders of the Secretary alleged to be outside his powers and hurtful to the plaintiff. While the suit was pending the Secretary resigned his office and there was at that time no way of bringing his successor into the suit. So, the question arose whether it could be continued against the Commissioner alone. The answer was in the negative, the Court saying, p. 34:

"The purpose of the bill was to control the action of the Secretary of the Interior; the principal relief sought was against him; and the relief asked against the Commissioner of the General Land Office was only incidental, and by way of restraining him from executing the orders of his official head. To maintain such a bill against the subordinate officer alone, without joining his superior, whose acts are alleged to have been unlawful, would be contrary to settled rules of equity pleading. Calvert on Parties, (2d ed.) bk. 3, c. 13.

"This is well exemplified by a decision of Lord Chancellor Hardwicke. Under acts of Parliament, appointing commissioners to build fifty new churches, appropriating money to support the ministers, and providing that the moneys appropriated should be paid to a treasurer, not one of the commissioners, but appointed by the Crown, and should be by him disbursed and applied according to orders of the commissioners, Lord Hardwicke held that a bill by a minister of one of the churches to recover his stipend, and to have a fund in the treasurer's hands invested as required by the acts, could not be maintained against the treasurer alone, without joining any of the

commissioners; and said: 'This is one of the most extraordinary bills I ever remember; and there is no foundation for relief, either in law or equity. It is brought against Mr. Blackerby, who is nothing but an officer under the commissioners for building the fifty new churches. It would be absurd if a bill should lie against a person who is only an officer and subordinate to others, and has no directory power.' 'I should think the commissioners only, and not the treasurer, ought to have been parties, for it is absurd to make a person who acts ministerially the sole party.' *Vernon* v. *Blackerby*, 2 Atk. 144, 146; *S. C.*, Barnardiston Ch. 377."

We agree with the Circuit Court of Appeals that the Commissioner of Internal Revenue was a party without whose presence the suit could not be maintained; but the decree of the District Court should not have been affirmed. The decree was on the merits, and, as it was given in the absence of a necessary party, it should not have been permitted to stand.

On the record as brought here it is not certain that the amount requisite to give the District Court jurisdiction was involved, but that question becomes immaterial in view of the conclusion reached on the other point.

> *Decree reversed with directions to dismiss the bill for want of a necessary party.*