## DAMI v. CANFIELD, Federal Prohibition Director of New York.

(District Court, S. D. New York. April 28, 1925.)

Intoxicating liquors ☞108(10)—Commissioner of Internal Revenue is necessary party defendant in equity proceeding to review cancellation of permit.

Under National Prohibition Act, §§ 6, 9 (Comp. St. Ann. Supp. 1923, §§ 10138½c, 10138½dd), Commissioner of Internal Revenue is necessary party to proceeding in equity, under section 9, to review order of Prohibition Director revoking permit granted under section 6.

Proceeding by William A. Dami against Palmer Canfield, Federal Prohibition Director of the State of New York, and Charles W. Anderson, as Collector of Internal Revenue for the Third District of New York, to review revocation of permit granted complainant. On motion to dismiss for non-joinder of Commissioner of Internal Revenue as party defendant. Motion granted, unless Commissioner be made party within 10 days.

James F. O'Neill, of New York City, for complainant.

Emory R. Buckner, U. S. Atty., of New York City (Frederic C. Bellinger, Asst. U. S. Atty., of New York City, of counsel), for defendants.

AUGUSTUS N. HAND, District Judge. Motion is made by the United States attorney in the above proceeding to dismiss the bill of complaint on the ground of nonjoinder of the Commissioner of Internal Revenue, who is a necessary party. The government relies on the case of Gnerich v. Rutter, 265 U. S. 388, 44 S. Ct. 532, 68 L. Ed. 1068, where a bill to restrain the Prohibition Director from giving effect to a limitation relating to the sale of intoxicating liquors contained in the complainant's permit was held defective because the Commissioner of Internal Revenue, who was a necessary party, had not been joined.

The present proceeding is a review in this court of a revocation of a permit, and it is contended by counsel for the party seeking the review that here the Commissioner is not a necessary party because the revocation was not by the Commissioner, but by the Prohibition Director.

In the case of Gnerich v. Rutter, the permit was issued and signed by the Prohibition Director and the regulations, as in the present case, provided for a general agent of the Commissioner of Internal Revenue called a "Prohibition Commissioner," who was authorized to issue and sign permits and also a local agent in each state called a Prohibition Director.

Section 6, title 2, of the Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½c), reads:

"No one shall manufacture, sell, purchase, transport, or prescribe any liquor without first obtaining a permit from the Commissioner so to do. * * * Every permit shall be in writing, dated when issued, and signed by the Commissioner or his authorized agent. * * *"

Section 9 (section 10138½dd) relating to the revocation of permits provides that:

"If at any time there shall be filed with the Commissioner a complaint under oath setting forth facts showing, or if the Commissioner has reason to believe, that any person who has a permit is not in good faith conforming to the provisions of this act, or has violated the laws of any state relating to intoxicating liquor, the Commissioner or his agent shall immediately issue an order citing such person to appear before him on a day

named not more than thirty and not less than fifteen days from the date of service upon such permittee of a copy of the citation, which citation shall be accompanied by a copy of such complaint, or in the event that proceedings initiated by the Commissioner with a statement of the facts constituting the violation charged, at which time a hearing shall be had unless continued for cause. Such hearings shall be held within the judicial district and within fifty miles of the place where the offense is alleged to have occurred, unless the parties agree on another place. If it be found that such person has been guilty of willfully violating any such laws, as charged, or is not in good faith conforming to the provisions of this act, such permit shall be revoked, and no permit shall be granted to such person within one year thereafter.

"Should the permit be revoked by the Commissioner, the permittee may have a review of his decision before a court of equity in the manner provided in section 5 hereof. During the pendency of such action such permit shall be temporarily revoked."

It seems clear from a comparison of the provisions of section 6 relating to the granting of permits, and section 9 relating to the revocation of permits, that the Commissioner is the real official charged with both the issue and revocation of these permits, and that the Prohibition Director or other official who may act in the issuance or revocation thereof is no more than his agent.

Indeed, the words "Commissioner or his agent" appear in the first part of section 9 and the word "Commissioner" alone in the latter part, where the section is dealing with the revocation of permits.

So in section 6, relating to the issuance of permits, it is provided at the beginning of the section that "no one shall * * * sell * * * liquor without first obtaining a permit from the Commissioner so to do"; whereas, at the end of the section the provision appears that "every permit shall be in writing, dated when issued, and signed by the Commissioner or his authorized agent."

I can see no possible difference between the section relating to the issuance of permits and the revocation of permits which would justify me in departing from the recent decision of the Supreme Court which I have cited.

The motion is therefore granted, unless the Commissioner of Internal Revenue is made a party hereto within 10 days.