**TROY ICE & BEVERAGE CO. et al. v. UNITED STATES.**

(Circuit Court of Appeals, Seventh Circuit. November 27, 1926.)

No. 3761.

1. Officers ⬡41.

One not holding legal title to office, but exercising it under color of title, or under conditions indicating acquiescence of public, is "de facto officer."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, De Facto Officer.]

2. United States ⬡36—Person, who for two years, under color of appointment by federal prohibition director, issued and served citations and revoked permits, held de facto officer, and his acts valid (Regulations 60, § 1900, revised March 4, 1924; National Prohibition Act, tit. 2, §§ 5, 9 [Comp. St. §§ 10138½bb, 10138½dd]).

Person, who for more than two years, under color of appointment by federal prohibition director, purporting to act under Regulations 60, § 1900, revised March 4, 1924, issued and served citations under National Prohibition Act, tit. 2, §§ 5, 9 (Comp. St. § 10138½bb, 10138½dd), conducted hearings, and rendered decisions in petitions to revoke permits was "de facto officer," and his acts were valid.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Proceeding by the United States against the Troy Ice & Beverage Company and others to revoke permits for manufacturing nonintoxicating beverages because of violations of the National Prohibition Act. From a decree closing defendants' premises, defendants appeal. Affirmed.

Charles Burgess, of Chicago, Ill., for appellants.

Jacob I. Grossman, of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is an appeal from a decree closing the premises of a brewing company for violation of the Prohibition Law (Comp. St. § 10138¼ et seq.). The company had a permit for the manufacture of nonintoxicating beverages. The permit was revoked on October 1, 1925, and this suit was based upon the conduct of the company and its officers and employees after that date. The proof showed that after the revocation the appellants manufactured and had in their possession, on the premises, intoxicating liquor.

Appellants defended upon the ground

15 F.(2d)—39

that the revocation of the permit was null and void. They claim that Elbert H. Loyd, who issued the citation, heard the evidence, and ordered the revocation of the permit, was without authority to so act, and that his action in revoking the permit is a nullity.

"The National Prohibition Act * * * commits its administration to the Commissioner of Internal Revenue, authorizes him to prescribe regulations for carrying out its provisions, and declares * * * that any act authorized to be done by the Commissioner 'may be performed by any assistant or agent designated by him for the purpose.' * * * The act and the regulations make it plain that the prohibition commissioner and the prohibition director are mere agents and subordinates of the Commissioner of Internal Revenue." Gnerich v. Rutter, 265 U. S. 388, 44 S. Ct. 532, 68 L. Ed. 1068.

Among the regulations prescribed for carrying out the provisions of the law is the following:

"Sec. 1900. *Who may Revoke Permits.*— Permits may be revoked by the prohibition commissioner, a director, or by an assistant or agent designated by either of them for that purpose. Prior to any such revocation, however, the permitee shall be given a hearing, upon citation issued by any of the persons authorized to revoke and served personally or by registered mail as provided in the act."

The prohibition director issued to Loyd the following written instrument:

"Mr. Elbert H. Loyd, Counsel to Federal Prohibition Director, State of Illinois, Office of Director, Chicago, Illinois: Pursuant to the authority conferred upon me by section 1900, Regulations 60, Revised March 4, 1924, you are hereby designated to act for and in the place of the Commissioner of Internal Revenue in issuing citations (returnable before you) under sections 5 and 9, title II, National Prohibition Act, in conducting hearings pursuant thereto, and in rendering decision revoking the permit involved or dismissing proceedings, as the law and facts may warrant, conforming at all times with article XIX of said Regulations 60, Revised. Percy Owen, Federal Prohibition Director, State of Illinois. March 11, 1925."

Under this designation Loyd acted. The insistence is that the prohibition director had no authority to designate Loyd, that the Commissioner alone could do this, and that therefore the designation was without authority and Loyd's action on it was null and void.

[1, 2] The evidence shows that Loyd, under some delegation of power, had for more than

two years issued citations, served them on respondents, conducted hearings, and rendered decisions in petitions to revoke permits. Under the authorities, one who does not hold the legal title to an office, but who is actually in the exercise of it under some color of title, or under such conditions as indicate the acquiescence of the public in his action, is a de facto officer. Loyd had color of title, and the public acquiesced in his exercise of the office. Appellants acquiesced in his authority by seeking a review of his action upon grounds other than his want of authority. His action was affirmed upon this review, and not until the instant proceeding was well under way did they question his authority to act. He was a de facto officer, and his acts as such were valid.

In Norton v. Shelby County, 118 U. S. 425, on page 441, 6 S. Ct. 1121, 1125 (30 L. Ed. 178) the Supreme Court said: "The doctrine which gives validity to acts of officers de facto, whatever defects there may be in the legality of their appointment or election, is founded upon considerations of policy and necessity, for the protection of the pubic and individuals whose interests may be affected thereby. Offices are created for the benefit of the public, and private parties are not permitted to inquire into the title of persons clothed with the evidence of such offices and in apparent possession of their powers and functions. For the good order and peace of society their authority is to be respected and obeyed until in some regular mode prescribed by law their title is investigated and determined. It is manifest that endless confusion would result if in every proceeding before such officers their title could be called in question."

Our conclusion that the act of Loyd in revoking the permit was valid makes it unnecessary to decide other questions which are discussed in the briefs.

Affirmed.