CHAMBERLAIN, Prohibition Director, et al. v. LEMBECK.

(Circuit Court of Appeals, Third Circuit. April 4, 1927.)

No. 3457.

Intoxicating liquors ☞72—Commissioner of Internal Revenue held necessary party to suit seeking permit authorizing stockholders to transport ale from warehouse on dissolution of corporation (National Prohibition Act, tit. 2, § 6 [Comp. St. § 10138½c]).

Under National Prohibition Act, tit. 2, § 6 (Comp. St. § 10138½c), Commissioner of Internal Revenue held necessary party to suit to secure permit authorizing transportation by stockholders of pro rata share of ale stored in warehouse of corporation at time of its dissolution.

Appeal from the District Court of the United States for the District of New Jersey; Runyon, Judge.

Suit by Gustav W. Lembeck against Adrian G. Chamberlain, Prohibition Director, and others. Decree for complainant, and defendants appeal. Reversed, with directions.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Harlan Besson, Asst. U. S. Atty., of Hoboken, N. J., for appellants.

Merritt Lane, of Newark, N. J., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and MORRIS, District Judge.

PER CURIAM. The bill in this case was filed to enjoin Adrian G. Chamberlain, who at that time was prohibition director of New Jersey, Walter G. Winne, who was and is United States attorney of New Jersey, and Edward H. Wright and Frank J. Boch, who are "receivers in dissolution of the New Jersey Refrigerating Company, appointed by the Court of Chancery of New Jersey."

Gustav W. Lembeck is a stockholder of the Refrigerating Company, which before the Eighteenth Amendment was adopted was operated as the Betz Eagle Brewing Company. Thereafter the brewery plant was turned into a storage and warehouse. At that time there were 253 barrels of ale stored at the plant. On the dissolution of the Refrigerating Company, the stockholders, to whom the ale belonged, wanted to remove each his proportionate share to his home. Lembeck owned 254 shares of the stock, and made application to the prohibition director for a permit to transport his share of the ale to his private dwelling. The application was refused and he filed this bill of complaint. In due time answers were filed and the cause came on for hearing. The defendants did not offer any evidence, but at the conclusion of complainant's evidence moved to dismiss the bill because, among other things, the proper parties were not before the court. The learned trial judge refused, and entered a decree directing the prohibition direction of New Jersey to issue a permit authorizing the transportation by Mr. Lembeck and his associates of their pro rata shares of the ale from the warehouse to their private residences. An appeal was taken to this court.

The National Prohibition Act, in title 2, § 6 (Comp. St. § 10138½c), provides that no one shall manufacture, sell, purchase, transport, or prescribe any liquor without first obtaining a permit so to do from the Commissioner of Internal Revenue, with certain exceptions not here important. "Every permit shall be in writing, dated when issued, and signed by the Commissioner or his authorized agent. * * * The Commissioner shall prescribe the form of all permits and applications and the facts to be set forth therein. Before any permit is granted the Commissioner may require a bond in such form and amount as he may prescribe to insure compliance with the terms of the permit and the provisions of this title. In the event of the refusal by the Commissioner of any application for a permit, the applicant may have a review of his decision before a court of equity." 41 Stat. 310.

The regulations in force at the time the application was made provided for and designated a local prohibition director, but he was a mere agent and subordinate of the Commissioner of Internal Revenue. He acted under the direction of the Commissioner, and performed such acts as the Commissioner committed to him under the regulations. He was responsible to the Commissioner and

had to abide by his directions. The Commissioner acted through him. Mr. Justice Van Devanter, speaking for the Supreme Court in Gnerich v. Rutter, 265 U. S. 388, 391, 44 S. Ct. 532, 533 (68 L. Ed. 1068) in a case similar to this and involving the question at issue here, said with regard to the Commissioner of Internal Revenue, "He is the public's real representative in the matter, and, if the injunction were granted, his are the hands which would be tied. All this being so, he should have been made a party defendant—the principal one—and given an opportunity to defend his direction and regulations." This statement might as well have been made in the case under consideration.

We think that the Commissioner was a necessary party, and the decree is reversed, with directions to dismiss the bill.