## CONSOLIDATED GAS CO. OF NEW YORK et al. v. HARDY, U. S. Atty., et al., and three other cases.

District Court, S. D. New York.

Feb. 22, 1936.

Davis, Polk, Wardwell, Gardiner & Reed and Frueauff, Burns, O'Brien & Ruch, all of New York City, for plaintiffs Federal Light & Traction Co. and others and Cities Service Co. and others.

Whitman, Ransom. Coulson & Goetz, of New York City (John W. Davis, William L. Ransom, and Henry Jaffee, all of New York City, of counsel), for plaintiffs Consolidated Gas Co. of New York and others.

John W. Davis, Horace R. Lamb, and Chauncey P. Williams, Jr., all of New York City (Davis, Polk, Wardwell, Gardiner & Reed and Le Boeuf, Winston, Machold & Lamb, all of New York City, of counsel),

for plaintiffs United Corporation and others.

Lamar Hardy, U. S. Atty., of New York City (Francis H. Horan and John F. Davidson, Asst. U. S. Attys., both of New York City, of counsel), and Benjamin V. Cohen and Thomas G. Corcoran, Sp. Assts. to Atty. Gen., for defendants Lamar Hardy, Albert Goldman, Leo J. Hickey, Francis J. Sinnott, and Albert C. Benninger, and for James M. Landis, Robert E. Healy, George C. Mathews, and James D. Ross, comprising the Securities and Exchange Commission, James A. Farley, Postmaster General, and Homer S. Cummings, U. S. Attorney General.

John J. Burns, Gen. Counsel, Securities and Exchange Commission, of Washington, D. C., and Thomas J. Lynch, of Chevy Chase, Md., for Robert G. Page, and for James M. Landis, Robert E. Healy, George C. Mathews, and James D. Ross, comprising the Securities and Exchange Commission.

Benjamin V. Cohen and Thomas G. Corcoran, Sp. Assts. to Atty. Gen., for James A. Farley, Postmaster General, and Homer S. Cummings, Attorney General.

Consolidated Case.

CAFFEY, District Judge.

■ The court judicially knows that the defendant Mulligan has ceased to be United States marshal for the Southern District of New York. In consequence, the action as to him has abated. Warner Valley Stock Co. v. Smith, 165 U.S. 28, 17 S.Ct. 225, 41 L.Ed. 621.

■ The sole ground for the motion to dismiss as to Marshal Benninger of the Eastern District is absence of the Attorney General, who is described as "a necessary and indispensable party to the maintenance and determination of this suit." The plaintiffs rest their inclusion of the marshal, without the Attorney General, on section 498 of title 39 of the United States Code (39 U.S.C.A. § 498). This section vests in the marshal authority to seize letters "which are being carried contrary to law * * * on any post route." The corporate plaintiffs claim the right to use of the mails for the carriage of matter rendered nonmailable by section 4 of the Public Utility Holding Company Act of 1935 (15 U.S.C.A. § 79d), if valid; but they insist that the statute—in its entirety, as I understand—is unconstitutional.

To date the argument, orally and by brief, as to whether a cause of action is stated in the bill has been very scant. Exposition of the bill has been meager. One side has not even mentioned the issue of constitutionality. In consequence of the way in which the case has been presented, it is somewhat difficult properly to dispose of the marshal's motion.

There is no occasion now to determine, and I do not determine, whether a cause of action is stated against the marshal. So also I shall not consider whether he is entitled to be dismissed out of the suit on some ground other than the one assigned. I shall confine myself to the single contention made in his behalf.

True, the Attorney General has "general superintendence and direction over the * * * marshals of all the districts in the United States" (5 U.S.C.A. § 317), precisely as he has over United States attorneys. Nevertheless, marshals are presidential appointees and are subject to removal only by the President (28 U.S.C.A. §§ 490, 491). The statute under consideration (39 U.S.C. A. § 498), conferring on them authority to seize mail matter in the course of unlawful carriage, is general and is sweeping in terms. On its face, the power given is independent of powers exercised in the course of performing the ordinary routine duties of the office. Such power is not derived from any instruction given by the Attorney General. In the circumstances recited, it seems to me the greater weight of reason is against exempting a marshal from suit, with respect to alleged unlawful exercise of the power, merely because of the Attorney General's nonjoinder.

I am strengthened in my conclusion by the long prevailing practice of suits, wherein the constitutionality of statutes affecting property is involved, being maintained against United States attorneys without the presence of the Attorney General as a party. If that practice be sound, I see no escape from the force of the analogy here.

Out of abundance of caution, I repeat what I have previously indicated. I have limited myself to the one ground on which the motion is rested. Indeed, in my view, it would be inappropriate to take up any ground not relied on.

■ The postmasters of Manhattan and the Bronx and of Brooklyn likewise move to dismiss the bill because the Postmaster General is not made a party. The method of presenting the case as to the postmasters is the same as that pursued with respect to the marshal.

As previously pointed out, if the Utility Act be valid and be enforced, letters of the corporate plaintiffs will be excluded from the mails. Section 4 of the statute (15 U.S.C.A. § 79d) expressly so provides. Paragraph 32 of the bill alleges that postmasters are charged with the duty of rejecting nonmailable matter when offered for carriage through the mails. In addition, rules for the conduct of their offices by postmasters are contained in Postal Laws and Regulations (1932) issued by the Post Office Department. These rules were made pursuant to law (5 U.S.C.A. § 22). The court takes judicial notice of them. No copy of the volume has been furnished, but in the plaintiffs' brief (page 5) it is stated that section 725 of the regulations prescribes that, "Postmasters shall exclude from the mails all unmailable matter." If this direction be followed by the postmasters, then the plaintiffs' letters will not be carried by mail from the post offices of the three boroughs named.

It has not been disputed, and I take it as incontrovertible, that the Postmaster General had power to make the regulation. Its validity is not contested. The theory of the bill, on this branch of the case, is that the portion of the Utility Act which declares the plaintiffs' letters to be "unmailable matter" is wholly void. So far as affects mail matter, the attack is wholly upon the Utility Act itself. What the plaintiffs insist is that obedience to the regulation, as applied to their letters, would be an irreparable injury to them and would be a trespass or in the nature of a trespass. This is the entire basis of their case in this connection.

As I see it—particularly in view of the declination by the defendants' counsel to discuss the question of the constitutionality of the assailed statute—for the purpose of disposing of the controversy, I must (for the time being) treat the clause under consideration as invalid. If so, and there be no other pertinent facts affecting the matter, then I think there was no occasion to join the Postmaster General.

The wrong anticipated is that of the postmasters. It is assumed that they will proceed in accord with a regulation which governs them. That regulation having been made by the Postmaster General, he no longer had concern with or hand in exclusion from the mails of plaintiffs' letters. Plaintiffs concede that the regulation is lawful. Their entire complaint is of an act of Congress. For this reason suit will lie against the Postmasters, without joinder of their superior. Colorado v. Toll, 268 U.S. 228, 45 S.Ct. 505, 69 L.Ed. 927.

The defendants advance two contentions to the contrary.

In the first place, they cite court decisions which they deem applicable. The number is so great, however, that no judge in a busy court like this can ever find opportunity to examine all of them. I have, therefore, read what I infer from the briefs for the defendants are the cases they chiefly rely on. All seem to me distinguishable.

In Gnerich v. Rutter, 265 U.S. 388, 44 S. Ct. 532, 68 L.Ed. 1068, the Prohibition Act (27 U.S.C.A.) was construed to mean that permits to sell liquors for other than beverage purposes must be issued by the Commissioner of Internal Revenue. Accordingly, it was held that an injunction suit against a prohibition director to restrain him from giving effect to restrictions in a permit could not be maintained in the absence of the commissioner. It was said (265 U.S. 388, at pages 391, 392, 44 S.Ct. 532, 533, 68 L.Ed. 1068) that the commissioner should have been "given an opportunity to defend his direction and regulations." In the case at bar, however, the criticism is not of the Postal Regulations. It is of the Utility Act. As the incident of a general regulation, requiring postmasters to exclude unmailable matter from the mails, the charge is that the defendant postmasters will enforce the Utility Act. That seems to me to take the present case wholly outside the case last cited.

The ruling in Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 149, 69 L.Ed. 411, was similar and for like reasons. The statutes there dealt with were interpreted as providing that the Secretary of the Interior, and he alone, was vested with power to determine whether certain distributions should be made to Indians. The court said: "The statutory direction to cause quarterly payments to be made (subject to section 2087 [25 U.S.C.A. § 130]) is addressed to the Secretary. The power and responsibility are his." In consequence, omission of the Secretary as a party defendant to a suit by an Indian to compel payments was held to be fatal. The case is wholly different on its facts from the case at bar.

In Transcontinental & Western Air v. Farley (C.C.A.) 71 F.(2d) 288, perhaps most emphasized by the defendants, the complaint was of cancellation by the Post-

master General of a contract with the government. It was held that not only would the suit not lie against the local postmaster alone, but that it would not lie at all, because it was an effort to compel the government to reinstate the contract, which, pursuant to statutory discretion, the Postmaster General had annulled and indeed had annulled by direction of the President. The context and citation in the paragraph numbered (7) near the bottom of page 291 of 71 F.(2d) demonstrate, as I feel, that the significance of the quotation from the opinion by the defendants has been misapprehended. It has to do with the inefficacy of service of process, in personam, outside the judicial district of which a defendant was an inhabitant.

In Wheeler v. Farley (D.C.) 7 F.Supp. 433, much commented on by the defendants, it was recognized that Colorado v. Toll, supra, was a case where "the superintendent of the park was seeking to enforce regulations beyond the authority conferred by act of Congress." Is not that what the plaintiffs charge here? They say the act of Congress, pursuant to which their letters will be classed as nonmailable, does so provide; they say also that, in this respect, the statute is invalid. As I see it, these facts bring the case at bar squarely within Colorado v. Toll.

In the second place, in their brief (page 9) the plaintiffs quote a bulletin purporting to have been issued by the Postmaster General shortly after this suit was commenced. In substance—presumptively referring to the Utility Act—this instructs local postmasters, until the Supreme Court passes on the validity of the statute, not to exclude from the mails matter prescribed by Congress in the Utility Act.

I am doubtful whether I can take judicial notice of the bulletin, and no court decision has been drawn to my attention sustaining my right to do so. Even though I take it into account, however, it seems to me that the bulletin has no bearing on the problem with which we are concerned. It might be material if the question of threat by the postmasters were before the court; but that would have to do with whether there is a cause of action. It does not affect the question of joinder.

I conclude, therefore, that Colorado v. Toll applies and that under the ruling there the Postmaster General is not a necessary party to this suit.

United, Cities, and Federal Cases.

Since the oral argument the newspapers have announced that the defendant Page has terminated his connection with the Securities and Exchange Commission. If so, the suit has abated as to him. While I do not know whether the press statement is correct, I shall not take up the question raised by Mr. Page in the United case until I definitely learn whether he is still employed by the commission.

Postmaster Goldman's motions to dismiss the bills, because of nonjoinder of the Postmaster General, is covered by what has been said on the point in the Consolidated case.

I have considered the motions in the only way, as I conceive, left open by the defendants' refusal to urge either that the Utility Act is constitutional or that the bills fail to state a cause of action. Upon the assumptions thus, for the time being, forced upon me, namely, that the statute is invalid and that the bills contain equity, I am persuaded that the local subordinates of the heads of departments at Washington may, in the absence of their superiors, be made parties for the purpose of injunction in event it should turn out, when the questions are reached, that the plaintiffs are right on the two major issues (which the court has refrained from passing on).

Settle order on two days' notice.