James W. S. DAVIS, Supervisor in Charge of the Alcohol and Tax Division in Puerto Rico, Defendant, Appellant,

v.

TRIGO BROS. PACKING CORP., Plaintiff, Appellee.

No. 5385.

United States Court of Appeals First Circuit.

April 23, 1959.

Morton Hollander, Douglas A. Kahn, Attorneys, Department of Justice, Washington, D. C., with whom George Cochran Doub, Asst. Atty. Gen., Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., and Samuel D. Slade and Herman Marcuse, Attorneys, Department of Justice, Washington, D. C., were on brief, for appellant.

Sydney Krause, New York City, with whom Luis E. Garcia Benitez, and S. L. Lagarde Garces, San Juan, P. R., were on brief, for appellee.

Abe Fortas, Washington, D. C., with whom Francisco Espinosa, Jr., Acting Atty. Gen., Commonwealth of Puerto Rico, Arturo Estrella, Asst. Atty. Gen.,

Edgar H. Brenner, Washington, D. C., and Jose Trias Monge, San Juan, P. R., on brief, for the Commonwealth of Puerto Rico as amicus curiae.

Before MAGRUDER, Chief Judge, and MARIS and WOODBURY, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the defendant, James W. S. Davis, supervisor in charge in Puerto Rico of the Alcohol and Tobacco Tax Division of the Federal Internal Revenue Service, from a judgment entered in the District Court for the District of Puerto Rico determining that the

Regulations [1] issued under the Federal Alcohol Administration Act [2] respecting standards of fill for wine are not applicable in the Commonwealth of Puerto Rico insofar as concerns wine bottled within the Commonwealth for sale, distribution and consumption there. The judgment was entered in an action brought by the plaintiff, Trigo Bros. Packing Corp., naming as defendants, George M. Humphrey, then Secretary of the United States Treasury Department, Dwight E. Avis, Director of the Alcohol and Tobacco Tax Division of the Internal Revenue Service, and James W. S. Davis, the local supervisor. Service was had only upon defendant Davis.

The complaint asserted, as a first cause of action, that the plaintiff, a Puerto Rican corporation bottled imitation raisin wines in Puerto Rico in bottles having a capacity of 12 ounces, a size not included in the standards of fill provisions contained in the Regulations,[3] which were promulgated pursuant to section 5(e) of the Federal Alcohol Administration Act, as amended.[4] It was further alleged that as a result of the

---

1. Regulations No. 4, 1 F.R. 83, amended T.D. 5093, 6 F.R. 5465, 27 CFR (1949 ed.) Part 4.

2. 27 U.S.C.A. § 201 et seq.

3. The pertinent part of these provisions contain the following:
   "Standards of Fill for Wine
   "§ 4.70 *Application.* (a) Except as provided in paragraph (b) of this section, no person engaged in business as a producer, rectifier, blender, importer, or wholesaler of wine, directly or indirectly or through an affiliate, shall sell or ship or deliver for sale or shipment, or otherwise introduce in interstate or foreign commerce, or receive therein, or remove from customs custody, any wine unless such wine is bottled or packed in the standard wine containers herein prescribed.
   \* \* \* \* \*
   "§ 4.71 *Standard wine containers.* (a) A standard wine container shall be made, formed and filled to meet the following specifications:
   \* \* \* \* \*
   "(2) *Fill.* It shall be so filled as to contain the quantity of wine specified in one of the standards of fill prescribed in § 4.72; \* \* \*.
   \* \* \* \* \*
   "§ 4.72 *Standards of fill.* (a) The standards of fill for wine shall be the following, subject to the tolerances hereinafter allowed:
   "(1) For all wines:

   | | |
   |---|---|
   | 4.9 gallons. | 1 pint. |
   | 3 gallons. | 4/5 pint. |
   | 1 gallon. | 2/5 pint. |
   | 1/2 gallon. | 4 ounces. |
   | 1 quart. | 3 ounces. |
   | 4/5 quart. | 2 ounces. |

   \* \* \*" [27 CFR (1949 ed.) §§ 4.70–4.72]

4. Section 5(e) in pertinent part provides:
   "Sec. 5. It shall be unlawful for any person engaged in business as a distiller, brewer, rectifier, blender, or other producer, or as an importer or wholesaler, of distilled spirits, wine, or malt beverages, or as a bottler, or warehouseman and bottler, of distilled spirits, directly or indirectly or through an affiliate:
   \* \* \* \* \*
   "(e) Labeling. To sell or ship or deliver for sale or shipment, or otherwise introduce in interstate or foreign commerce, or to receive therein, or to remove from customs custody for consumption, any distilled spirits, wine, or malt beverages in bottles, unless such products are bottled, packaged, and labeled in conformity with such regulations, to be prescribed by the Secretary of the Treasury, with respect to packaging, marking, branding, and labeling and size and fill of container \* \* \*
   \* \* \* \* \*
   "In order to prevent the sale or shipment or other introduction of distilled spirits, wine, or malt beverages in interstate or foreign commerce, if bottled, packaged, or labeled in violation of the requirements of this subsection, (1) no bottler of distilled sprits, no producer, blender, or wholesaler of wine, or proprietor of a bonded wine storeroom, and no brewer or wholesaler of malt beverages shall bottle, and (2) no person shall remove from customs custody, in bottles, for sale or any other commercial purpose, distilled spirits, wine, or malt beverages, respectively, \* \* \* unless, upon application to the Secretary of the Treasury, he has obtained and has in his possession a certificate of label approval covering the distilled spirits, wine, or malt beverages, issued by the Secretary in such manner and form as he shall by regulations prescribe: *Provided,* That any such bottler of distilled spirits, or producer, blender, or wholesaler of wine, or proprietor of a bonded wine

change in the status of Puerto Rico the bottling of wine in that island for sale and consumption there is not the sale, shipment or delivery thereof in interstate commerce and, consequently, the standards of fill provisions of the Regulations are inapplicable and the plaintiff may lawfully bottle its wine in containers of any size which may be approved by the local authorities. The complaint further asserted that the defendants, nevertheless, have taken the position that interstate commerce, since it is defined in section 17(a)[5] as including commerce within Puerto Rico, includes the bottling of wine for local sale and consumption, and that if plaintiff should bottle wine in containers other than those specified in the Regulations, it would become liable to revocation of the basic permit which had been issued to it under section 4,[6] by

reason of such noncompliance with section 5(e),[7] as well as to sanctions imposed under section 7.[8] In a second cause of action it was asserted that by reason of section 9 of the Puerto Rican Federal Relations Act[9] the bottling of wine for sale and consumption within the Commonwealth is not a sale or shipment in interstate commerce. The plaintiff, therefore, prayed for a declaratory judgment that the Federal Alcohol Administration Act is not applicable in the Commonwealth, insofar as the Wine Regulations are concerned, as to such wine bottled in the Commonwealth for local sale and consumption and it also sought injunctive relief pendente lite.

The defendants moved for dismissal of the complaint on two grounds: first, that the court lacked jurisdiction over Secretary Humphrey and Director Avis,

storeroom, or brewer or wholesaler of malt beverages shall be exempt from the requirements of this subsection if, upon application to the Secretary, he shows to the satisfaction of the Secretary that the distilled spirits, wine, or malt beverages to be bottled by the applicant are not to be sold, or offered for sale, or shipped or delivered for shipment, or otherwise introduced, in interstate or foreign commerce. Officers of internal revenue are authorized and directed to withhold the release of distilled spirits from the bottling plant unless such certificates have been obtained, or unless the application of the bottler for exemption has been granted by the Secretary; and customs officers are authorized and directed to withhold the release from customs custody of distilled spirits, wine, and malt beverages, unless such certificates have been obtained. The District Courts of the United States, and the United States court for any Territory shall have jurisdiction of suits to enjoin, annul, or suspend in whole or in part any final action by the Secretary upon any application under this subsection * * *" 27 U.S. C.A. § 205(e).

5. Section 17(a) in pertinent part provides: "Sec. 17.(a) As used in this Act— "(1) The term 'United States' means the several States and Territories and the District of Columbia; the term 'State' includes a Territory and the District of Columbia; and the term 'Territory' means * * * Puerto Rico. "(2) The term 'interstate or foreign

commerce' means commerce between any State and any place outside thereof, or commerce within any Territory or the District of Columbia, or between points within the same State but through any place outside thereof." 27 U.S.C.A. § 211(a) (1, 2).

6. 27 U.S.C.A. § 204.

7. Subsection 4(d) provides, in pertinent part: "(d) A basic permit shall be conditioned upon compliance with the requirements of section 5 (relating to unfair competition and unlawful practices) * * * and with all other Federal laws relating to * * * wine * * *" 27 U.S.C.A. § 204(d).

8. Section 7, in pertinent part, provides: "Sec. 7. The District Courts of the United States, and the United States court for any Territory, of the District where the offense is committed or threatened or of which the offender is an inhabitant or has his principal place of business, are hereby vested with jurisdiction of any suit brought by the Attorney General in the name of the United States, to prevent and restrain violations of any of the provisions of this Act. Any person violating any of the provisions of sections 3 or 5 shall be guilty of a misdemeanor and upon conviction thereof be fined not more than $1,000 for each offense * * *" 27 U.S.C.A. § 207.

9. 48 U.S.C.A. § 734.

and, second, that the complaint failed to state a claim upon which relief could be granted. The motion was denied, the district court holding that Director Avis was not an indispensable party since a decree against defendant Davis granting the relief sought would not require Director Avis to take any affirmative action, either directly or indirectly, but would put an end to the matter. The court further held that the plaintiff had exhausted the administrative remedies open to it. The action proceeded against defendant Davis as the sole defendant, Secretary Humphrey and Director Avis not having been served with process. Thereafter, the parties having waived the filing of further pleadings or memoranda, the district court entered a final judgment declaring that the Wine Regulations respecting the fill of containers issued under the Act are not applicable in the Commonwealth in respect to wine bottled for local sale, distribution and consumption. 159 F.Supp. 841. This appeal followed.

The question which this appeal presents at the outset is whether the Director[10] was a necessary party to this litigation. For if he was a necessary party his absence deprived the district court of power to deal with the case and it should have been dismissed without considering its merits.[11] The test for determining whether a superior officer is an indispensable party has been formulated by the Supreme Court in Williams v. Fanning,

1947, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95. In that case the petitioners sought to enjoin a local postmaster from carrying out a fraud order issued by the Postmaster General directing the local postmaster to refuse payment of money orders drawn to petitioners' order or to deliver mail to them. The Supreme Court held that the Postmaster General was not an indispensable party to such an action because it was the local postmaster who did the acts of which the petitioners complained. A distinction was drawn between the line of cases[12] in which an injunction issued to a local officer resulted in affording the petitioners the relief sought, viz., by putting an end to the matter, and those cases[13] which "evolved the principle that the superior officer is an indispensable party if the decree granting relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him." [332 U.S. 490, 493, 68 S.Ct. 188, 189, 92 L.Ed. 95.]

■ In considering this question we may assume arguendo, without deciding, that the plaintiff is right in one or both of the contentions it makes, namely, that under the authority of Bacardi Corp. v. Domenech, 1940, 311 U.S. 150, 167–168, 61 S.Ct. 219, 85 L.Ed. 98, Puerto Rico may prescribe standards of fill for wine bottled for local use in sizes not permitted by the Director's Regulations, or that the changed status of Puerto Rico as

---

10. We do not reach the question whether the Secretary of the Treasury Department was also an indispensable party. But see, Gibson Wine Co. v. Snyder, 1952, 90 U.S.App.D.C. 135, 194 F.2d 329; Continental Distilling Corporation v. Humphrey, 1954, 95 U.S.App.D.C. 104, 220 F.2d 367, and Continental Distilling Corporation v. Humphrey, D.C. 1957, 101 U.S.App.D.C. 210, 247 F.2d 796.

11. Gnerich v. Rutter, 1924, 265 U.S. 388, 393, 44 S.Ct. 532, 68 L.Ed. 1068; Webster v. Fall, 1925, 266 U.S. 507, 510, 45 S.Ct. 148, 69 L.Ed. 411; Marshall v. Crotty, 1 Cir., 1951, 185 F.2d 622, 627–628; 3 Moore's Federal Practice, 2d ed., pp. 2189–2197.

12. United States v. Lee, 1882, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171; Philadelphia Co. v. Stimson, 1912, 223 U.S. 605, 619–620, 32 S.Ct. 340, 56 L.Ed. 570; State of Colorado v. Toll, 1925, 268 U.S. 228, 45 S.Ct. 505, 69 L.Ed. 927; Land v. Dollar, 1947, 330 U.S. 731, 738, 67 S.Ct. 1009, 91 L.Ed. 1209. See also, Hynes v. Grimes Packing Co., 1949, 337 U.S. 86, 69 S.Ct. 968, 93 L.Ed. 1231, and Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868.

13. Warner Valley Stock Co. v. Smith, 1897, 165 U.S. 28, 17 S.Ct. 225, 41 L.Ed. 621; Gnerich v. Rutter, 1924, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068; Webster v. Fall, 1925, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411.

a Commonwealth has rendered obsolete and no longer effective the statutory definitions under which intrastate commerce within Puerto Rico was to be treated as interstate commerce for the purposes of the Act.[14] Nonetheless we are faced with the fact conceded by the plaintiff that the provisions of the Act which require all bottlers, including those engaged solely in intrastate bottling, to obtain a basic permit to engage in their business are just as valid and enforceable in Puerto Rico as they are everywhere else in the United States. For their validity in this regard has been fully upheld.[15] The validity of these provisions as to intrastate commerce is, of course, saved by the provision of the Act which gives a bottler the right to obtain a certificate of exemption with respect to purely intrastate activities if he establishes to the satisfaction of the Director[16] that his proposed activities are of that character. It is clear, however, that under the provisions of the Act, as amended, an exemption certificate is obtainable only from the Director. Defendant Davis has no authority to issue it. It is equally clear that unless a permittee possesses such an exemption certificate he remains subject to all the penalties of the Act if he fails to comply with the Director's Regulations. Also,

in that situation he is guilty of a misdemeanor. Likewise, all internal revenue and customs officers are enjoined by the express language of the statute from permitting him to carry on such business. When and as he secures a certificate of exemption from the Director, but not until then, all this is changed and he may proceed with the conduct of his business without hindrance. It follows that the officer from whom the plaintiff must obtain relief, if plaintiff is to have it, is the Director of the Alcohol and Tobacco Tax Division in Washington. It is obvious that an injunction against the supervisor in Puerto Rico, the only defendant before the court in this suit, would not afford plaintiff the relief it seeks. For such an injunction could not direct the issuance of the necessary certificate of exemption, nor vacate the Director's denial of such a certificate, nor would it render the plaintiff immune from prosecution by the Attorney General[17] as a violator of the Act or stay the hands of the various customs and internal revenue officers who, in the absence of a certificate of exemption, are expressly required by the statute to prevent plaintiff from carrying on its business. It will thus be seen that the case is clearly distinguishable from Williams v. Fanning. Accordingly, we conclude

14. See note 5.

15. Arrow Distilleries v. Alexander, 7 Cir., 1940, 109 F.2d 397, 401; Hanf v. United States, 8 Cir., 1956, 235 F.2d 710, certiorari denied 352 U.S. 880, 77 S.Ct. 102, 1 L.Ed.2d 81.

16. The duty to administer the Act has been delegated to the Director under the following circumstances:

As originally enacted Section 2 of the Act created a Federal Alcohol Administration as a division of the Treasury Department to be headed by an Administrator, 27 U.S.C.A. § 202 note. By sections 2, 8 and 9 of the Reorganization Plan III, 54 Stat. 1232, 1233–1234, 27 U.S.C.A. § 202a note, the Federal Alcohol Administration and the office of Administrator were abolished and their functions were administered under the direction and supervision of the Secretary of the Treasury through the Bureau

of Internal Revenue in the Department of the Treasury. The Alcohol Tax Unit in the Bureau of Internal Revenue was established by Treasury Order No. 30 and was headed by an Assistant Deputy Commissioner, 5 F.R. 2212, whose title later was changed to Assistant Commissioner, Operations, Commissioner's Reorganization Order No. Hdq–1, 17 F.R. 7154. Subsequently, a new office, "Head, Alcohol and Tobacco Tax Division", was established by Treasury Order No. 150–5, 17 F.R. 7160, and the functions of the Assistant Commissioner, Operations, were delegated to the Head, Alcohol and Tobacco Tax Division, Operations Reorganization Order No. 1, 17 F.R. 7437. By T.D. 6038 reference to the Head of a Division in the Washington Headquarters Offices was deemed to refer to a Director at the National Office, 18 F.R. 5120.

17. See footnote 8.

that Director Avis, who was not served within the District and was not before the district court, was a necessary party to the litigation.

█ The Director's denial of an exemption certificate is, of course, subject to judicial review under section 5(e) of the Act which provides that "The District Courts of the United States, and the United States court for any Territory shall have jurisdiction of suits to enjoin, annul, or suspend in whole or in part any final action by the Secretary upon any application under this subsection." [18] But this provision merely gave to the district courts jurisdiction of the subject matter. It did not purport to, nor did it, amend the federal venue statute which requires that a suit in which jurisdiction is not founded solely on diversity of citizenship shall "be brought only in the judicial district where all defendants reside." [19] Nor did it purport to authorize service upon the Director outside the district in which the suit was brought or authorize service upon any officer in the District of Puerto Rico as agent for the Director. Such an amendment was suggested to the Congress while the Act was under consideration [20] but it was not included in the Act as passed. Accordingly, the Act conferred upon the District Court for the District of Puerto Rico jurisdiction of the suit against Director Avis only if the Director had waived the venue and had submitted himself to the jurisdiction of the district court. It is argued that the procedure prescribed by the Act imposes a burden upon the plaintiff but if so its correction is a matter for the Congress rather than the courts.

A judgment will be entered vacating the judgment of the district court and remanding the cause with directions to dismiss the complaint for want of a necessary party defendant.

18. 27 U.S.C.A. § 205(e).

19. 28 U.S.C. § 1391(b). See Blackmar v. Guerre, 1952, 342 U.S. 512, 516, 72 S.Ct. 410, 96 L.Ed. 534.

20. Federal Alcohol Control Act, Hearings before the Committee on Finance, United States Senate, 74th Cong., 1st Sess., on H.R. 8870, pp. 87–88.