## ALCOHOL WAREHOUSE CORPORATION v. CANFIELD, Federal Prohibition Director, et al.

(Circuit Court of Appeals, Second Circuit. March 8, 1926.)

No. 195.

1. **Intoxicating liquors** ⬅108(3)—**Commissioner of Internal Revenue is indispensable party to suit to have declared void acts of his subordinates revoking permit to operate denaturing plant and bonded warehouse (National Prohibition Act, tit. 3 [Comp. St. Ann. Supp. 1923, §§ 10138¾–10138¾t]).**

Commissioner of Internal Revenue is indispensable party to suit to have declared void acts of his subordinates in revoking permits issued under National Prohibition Act, tit. 3 (Comp. St. Ann. Supp. 1923, §§ 10138¾–10138¾t) to operate denaturing plant and bonded warehouse.

2. **Officers** ⬅119—**Courts will not review acts of deputies, in absence of superior for whom they acted.**

Where official is charged with statutory duties, which he may or does perform by deputies, court will not review conduct of deputies, in absence of superior for whom they acted.

3. **Parties** ⬅75(3).

Objection to absence of indispensable party is not waived by not being taken in limine.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Alcohol Warehouse Corporation against Palmer Canfield, as Federal Prohibition Director, and another. From a decree dismissing the bill on the merits, plaintiff appeals. Reversed and remanded, with instructions to dismiss without prejudice.

The bill alleged: That the plaintiff had procured from the Commissioner of Internal Revenue two permits under title 3 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138¾–10138¾t), one to maintain a denaturing plant for alcohol and the other a bonded warehouse. That it had acted under these permits, and set up a business in conformity with and obedience to the law, but that the defendants had unlawfully undertaken to revoke the permits, and threatened to compel it to suspend its business. The proceedings for revocation comprised a citation and charges of misconduct, issued by the prohibition commissioner, a hearing before a prohibition agent appointed for that purpose, his recommendations, and the revocation thereupon executed by the local prohibition director. The bill prayed a declaration that the revocation was void, and a decree of restoration.

The answer denied the allegations of the bill, and moved to dismiss it because the suit was in substance against the United States. After a trial and full consideration of the merits, at which the point was nowhere raised that the Commissioner of Internal Revenue was a necessary party, the District Court held that the proceedings were regular, that the prohibition commissioner had proved the plaintiff to have committed offenses which justified revocation of the permits, and that the permits were properly revoked.

Alfred D. Van Buren, of New York City, for appellant.

Emory R. Buckner, U. S. Atty., of New York City (U. S. Grant, Asst. U. S. Atty., of New York City, of counsel), for appellees.

Before MANTON, HAND, and MACK, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1, 2] We decline to consider this case upon the merits, because of the absence of the Commissioner of Internal Revenue as a defendant. The cause is of a class now well recognized in the decisions of the Supreme Court, where an official is charged with duties under a statute, which he may and does execute by means of deputies, and where, whatever the former practice, courts will not now review the conduct of the deputies, in the absence of the superior for whom they have acted. The theory which lies back of the doctrine is not altogether clear. It may be because the deputies would otherwise be put in a cross-fire by a decree which forbade what their superior had commanded. It may be because the superior could repeat through other deputies the forbidden conduct, though that could scarcely be an objection in the mouth of the defendants. In the first case, Varnon v. Blackerby, 2 Atk. 144, Lord Hardwicke seemed to be thinking only of a purely ministerial duty. Whatever the explanation, it has, especially of late, become perfectly established, and we need not inquire into its sources or justification. Warner Valley Stock Co. v. Smith, 17 S. Ct. 225, 165 U. S. 28, 41 L. Ed. 621; Gnerich v. Rutter, 44 S. Ct. 532, 265 U. S. 388, 68 L. Ed. 1068; Webster v. Fall, 45 S. Ct. 148, 266 U. S. 507, 69 L. Ed. 411; Dami v. Canfield (D. C.) 5 F.(2d) 533.

We do not understand that Lord Hardwicke's comment arguendo has limited the scope of the doctrine. In Warner Valley Stock Co. v. Smith, supra, the action of the subordinate was, it is true, only incidental, and in execution of decisions with which the Secretary of the Interior was primarily charged; but in Gnerich v. Rutter, supra, the case was quite different. There the plaintiff complained of restrictions in a permit issued by the prohibition commissioner, which the local prohibition director threatened to enforce. The prohibition commissioner had so written the permit in the exercise of a discretion which he assumed to be vested in him by the regulations. While the result might be accounted for under Lord Hardwicke's dictum, if the prohibition commissioner alone had been thought a necessary party, it is impossible to see how the Commissioner of Internal Revenue was necessary, unless the doctrine covers acts of subordinates, discretionary as well as ministerial. Webster v. Fall, supra, involved a case where the act of the subordinate involved a decision whether an Indian who claimed payment was drunk at the time or had liquor within convenient reach, scarcely a purely ministerial duty.

In the case at bar the Commissioner alone has power to revoke a permit, a power no doubt judicial in its general character, and necessarily to be exercised by deputies. Still they must act under his supervision, and in the end at his direction. We can see no more reason for omitting him from a suit to revise the conclusions of those deputies, than if the question were of a subordinate's discretion under a regulation (Gnerich v. Rutter), or his decision of a question of fact (Webster v. Fall). At any rate, there is no such distinction suggested anywhere in the recent expression of the doctrine, and all that has been said applies equally well to this case, as do any possible considerations of policy on which the rule may rest.

[3] Finally, as the Commissioner is not only a necessary, but an indispensable, party, the point is not waived by not being taken in limine; indeed, the court might take it sua sponte. Minnesota v. Northern Securities Co., 22 S. Ct. 308, 184 U. S. 199, 46 L. Ed. 499; Texas v. Interstate Commerce Co., 42 S. Ct. 261, 258 U. S. 158, 66 L. Ed. 531. In Webster v. Fall the same cause had gone to decree on the merits; so it had in Gnerich v. Rutter, the point being raised for the first time in the Circuit Court of Appeals.

Decree reversed, and cause remanded, with instructions to dismiss the bill without prejudice, because of the absence of a necessary party.