### HARDY v. GOLDMAN, Postmaster.

District Court, S. D. New York.
March 16, 1936.

SMITH v. FARLEY, Postmaster General, et al.

District Court, S. D. New York.
April 23, 1936.

Hays, St. John, Abramson & Schulman, of New York City (Arthur Garfield Hays and Oscar Stabiner, both of New York City, of counsel), for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (Irvin C. Rutter, Asst. U. S. Atty., of New York City, of counsel), for defendant.

COXE, District Judge.

This suit cannot be maintained against the Postmaster of New York City; he is merely a subordinate official; and the ultimate decision as to mailability rests with the Postmaster General. I am clear, therefore, that the Postmaster General is a necessary defendant. Gnerich v. Rutter, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068; Webster v. Fall, 266 U.S. 507, 45 S.Ct 148, 69 L.Ed. 411.

On the merits, I do not doubt that the excluding decision was well within the statutory authority of the Department (18 U.S.C.A. § 335; Postal Laws & Regulations of 1932, § 599). The sticker shown by the moving papers in the form in which it is presented not only suggests to, but admonishes, the public generally not to read the particular newspapers involved because they constitute "yellow journalism". I am satisfied, therefore, that the sticker is "calculated by the terms or manner of style or display and obviously intended to reflect injuriously upon the character or conduct of another"; at least I cannot say that the Postmaster General was not fairly justified in arriving at that conclusion.

The motion of the plaintiff for a temporary restraining order is denied, and the cross-motion of the defendant to dismiss the complaint is granted.