1012

## SMITH v. FARLEY, Postmaster General, et al.

District Court, S. D. New York.
April 23, 1936.

Hays, St. John, Abramson & Schulman, of New York City (Arthur Garfield Hays and Oscar Stabiner, both of New York City, of counsel), for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (Irvin C. Rutter, Asst. U. S. Atty., of New York City, of counsel), for defendant.

K. C. Bates, of New York City, for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (Edward J. Ennis and Helen E.

Cottrell, both of New York City, of counsel), for defendants.

**HULBERT, District Judge.**

The defendants appearing specially moved to dismiss the bill of complaint, the Postmaster General upon the ground that the venue was improper, and the Postmaster at New York, in the event that such objection is sustained for the absence of an indispensable party.

All of the parties reside, and the defendants were served with the subpœnas, in the City of New York, within the jurisdiction of this court.

The complaint alleges that the plaintiff, under the trade name of "Vitalized Water Filter Company", is engaged in the manufacture and sale of devices termed "Vitilors" which cause water passing through to become collodially activated, and on the process therefor, plaintiff holds United States Letters Patent, and Canadian and other foreign patents. Water, when thus treated has known and established "medical and thereputic" effect and value.

On July 6, 1932, the then Postmaster General of the United States pursuant to Section 259 of Title 39 U.S.C.A., and after a hearing in accordance therewith, issued a fraud order against the plaintiff, and this action is brought to enjoin the enforcement thereof.

The plaintiff contends that the defendant Goldman is personally responsible for continuing to deprive the plaintiff of her rightful use of the United States mails and that the cause of action arose in this district. She relies upon Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570, and asserts that the Postmaster General is not a necessary party.

Philadelphia Co. v. Stimson, supra, was an action to restrain the Secretary of War from instituting criminal proceedings against a riparian owner who claimed his property lines had been invaded in fixing harbor lines, and is authority for the maintenance of an action against the Secretary of War rather than his subordinates and not a suit against the United States.

In the case at bar, while the present Postmaster General was not in office when the order sought to be enjoined was issued, he assumed and makes said order his official act by directing its enforcement and the Postmaster at New York is his subordinate in carrying it into effect.

While it has been held in Rood v. Goodman, 5 Cir., 83 F.2d 28, that the Postmaster General is not an indispensable party to a suit to enjoin the Postmaster from enforcing a fraud order, I consider myself bound by the decision in this district in the case of Hardy v. Goldman, D.C., 38 F.Supp. 1011, to the contrary.

In Wheeler v. Farley, D.C., S.D.Cal., 7 F.Supp. 433, it was held that the official residence of the Postmaster General is the District of Columbia.

In Butterworth v. Hill, 114 U.S. 128, 5 S.Ct. 796, 798, 29 L.Ed. 119, a bill in equity was filed in the Circuit Court of the United States for the District of Vermont against the Commissioner of Patents who indorsed an acceptance of service upon the writ, which, however, was made upon him in Washington, D. C., and thereupon addressed a letter to the solicitor for the complainant stating that he would not appear in the defense thereof. Upon appeal from the decree entered by default for the relief prayed for in the bill of complaint, the court said: "It does not appear that he was an inhabitant of the district of Vermont. * * * Unless, therefore, the acceptance of service as indorsed on the writ is to be treated as a voluntary appearance by the commissioner in the court in Vermont, without objection to the jurisdiction, the case stands as it would if the process had been actually served on him in the District of Columbia by some competent officer."

Section 739 of the Revised Statutes, Judicial Code, Section 51, Title 28 U.S.C.A. § 112, provides (subject to certain exceptions not here material): "No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant."

In Cannon v. Robertson (Senitha v. Robertson), 32 F.2d 295, a bill of complaint on the equity side was filed in the District Court of Maryland against the Commissioner of Patents who was a resident of that State and process was served upon him in the district of his residence.

No answer or other defense was filed, nor any appearance made within the time prescribed by Equity Rule 12, 28 U.S.C.A. § 723 Appendix, but on the next succeeding day thereafter, the Commissioner appeared specially by the United States Attorney and moved to quash the return of the summons on the ground that the Commissioner

could not be sued except within the District of Columbia—the place of his official residence. Apparently no proceedings were had on this motion and the plaintiff, without notice, entered a decree pro confesso which the Commissioner of Patents moved to set aside. That motion was granted and the bill dismissed upon the ground that the court was without jurisdiction.

On appeal, both parties relied upon the case of Butterworth v. Hill, supra.

Since the decision in that case, the statute (Judicial Code Sec. 51) has been amended by striking out the provision permitting suit in the district in which the defendant is found and the present Act limits the proceeding to the district where the defendant is an inhabitant. While the Circuit Court of Appeals reversed the decree, Senitha v. Robertson, 4 Cir., 45 F.2d 51, its decision was based upon the fact that by failure to appear the Commissioner of Patents waived his privilege to object to the jurisdiction of the District Court.

In the instant case, the Postmaster General has appeared specially and challenged the jurisdiction of this court.

While the Postmaster General, as a private citizen, was a resident of this district when appointed to his present position, and has continued that residence, the official residence of the Postmaster General is Washington, D. C., and during his tenure of office as Postmaster General, he is an inhabitant of the District of Columbia. To hold that this action is maintainable in this district because of the service of the subpœna upon him in this district would, in my opinion, seriously interfere with the regular conduct of the business of the Government. To compel the trial of this case in New York would require the records to be sent here and the administrative assistants who conducted the investigation upon which said fraud order was issued, to leave their duties in Washington and attend the trial here. If there were a multiplicity of such suits (and if the same ruling were applied in actions against other members of the Cabinet), the attendance of employees of the Government in Washington and the transportation of records incidental thereto, would disrupt the regular course of business.

My conclusion is that this action must be brought in the District of the official residence of the Postmaster General, and, since the motion must be granted as to him, so also it must be granted as to the Postmaster.

Settle order on two days' notice.