NATIONAL CONFERENCE ON LEGALIZ-
ING LOTTERIES, Inc., et al. v.
GOLDMAN.
No. 452.

Circuit Court of Appeals, Second Circuit.
July 17, 1936.

Emil K. Ellis, of New York City, for appellants.

Lamar Hardy, U. S. Atty., of New York City (Edward J. Ennis and Irvin C. Rutter, Asst. U. S. Attys., both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a decree dismissing a bill in equity to enjoin the postmaster of New York City from stopping the plaintiffs' mail, and returning it marked, "Fraudulent." The merits of the suit depend upon whether the plaintiffs were conducting an unlawful lottery, but the decision went off on the point that the Postmaster General had not been joined as a defendant. He had made inquiry into the enterprise, and after a hearing had declared that it was unlawful; he thereupon directed the local postmaster to stop the mail (section 259, title 39, U.S.Code [39 U.S.C.A. § 259]), and the execution of that order was the offending act.

At least in some instances a subordinate official may not be enjoined from transgressing his authority unless his su-perior is joined in the suit. Warner Valley Stock Co. v. Smith, 165 U.S. 28, 17 S. Ct. 225, 41 L.Ed. 621; Gnerich v. Rutter, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068; Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411; Alcohol Warehouse Co. v. Canfield, 11 F.(2d) 214 (C.C.A.2); Moody v. Johnston, 66 F.(2d) 999 (C.C.A.9); Transcontinental & W. Air, Inc., v. Farley, 71 F.(2d) 288, 291, 292 (C.C.A.2). How far these decisions are to be generalized is not yet clear, and is not very likely to become so while the grounds remain so vague. The Supreme Court disregarded the doctrine several times after Warner Valley Stock Co. v. Smith, supra, 165 U. S. 28, 17 S.Ct. 225, 41 L.Ed. 621. American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 23 S.Ct. 33, 47 L.Ed. 90; Public Clearing House v. Coyne, 194 U.S. 497, 24 S.Ct. 789, 48 L.Ed. 1092; Swigart v. Baker, 229 U.S. 187, 33 S.Ct. 645, 57 L.Ed. 1143; Missouri v. Holland, 252 U.S. 416, 431, 40 S.Ct. 382, 64 L.Ed. 641, 11 A.L.R. 984; Leach v. Carlile, 258 U.S. 138, 42 S.Ct. 227, 66 L.Ed. 511. And while these were said to have been inadvertent in Webster v. Fall, supra (266 U.S. 507), at p. 510, 45 S.Ct. 148, 69 L.Ed. 411; yet in Colorado v. Toll, 268 U.S. 228, 230, 45 S.Ct. 505, 69 L.Ed. 927, suit was again entertained against the subordinate alone; the only notice of the doctrine being to say that there was no question of the propriety of the practice when the quasi-sovereign rights of a state were at stake. Whether that gloss is to be limited to cases where states are plaintiff, we are not clear. Of the two decisions there cited as precedents, Missouri v. Holland, supra, 252 U.S. 416, 40 S.Ct. 382, 64 L.Ed. 641, 11 A.L.R. 984, did not discuss the question, and Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570, did not involve it at all. The Fifth Circuit has, however, read Colorado v. Toll as overruling Gnerich v. Rutter and Webster v. Fall. Yarnell v. Hillsborough Packing Co. (C.C.A.) 70 F.(2d) 435; Ryan v. Amazon Petroleum Corporation (C.C.A.) 71 F.(2d) 1; Rood v. Goodman (C.C.A.) 83 F.(2d) 28. And the Ninth has decided the point both ways. Moody v. Johnston, supra, 66 F.(2d) 999; Berdie v. Kurtz (C.C. A.) 75 F.(2d) 898. Again, some earlier decisions in Circuit Courts of Appeal did not notice it at all, any more than the Supreme Court did. Enterprise Sav. Association v. Zumstein, 67 F. 1000 (C.C.A.6); Magruder v. Belle Fourche, etc., Ass'n,

219 F. 72 (C.C.A.9); Aycock v. O'Brien, 28 F.(2d) 817 (C.C.A.9). So the matter stands on authority; it must be owned that the law is not as clear as one might wish.

Various rationalizations have been suggested. It is tempting to limit the doctrine to those situations where the superior's concurrence is necessary in order to make the act lawful, which the court is asked to command. That would indeed explain Webster v. Fall, supra, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411, for the secretary's "general or special direction" was necessary to any payment. Warner Valley Stock Co. v. Smith, supra, 165 U.S. 28, 17 S.Ct. 225, 41 L.Ed. 621, is of the same kind, so far as the issuance of the patent went; but it is hard to see why the injunction should not have issued; it would not have been what the plaintiff most wished, it is true, but it was important to him, and it did not need the secretary's concurrence. Be that as it may, the explanation will not serve for Gnerich v. Rutter, supra, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068, where, although the subordinate had to exercise a discretion, the only relief asked was that he should be enjoined from limiting the license quantitatively. That did not require the superiors' concurrence, and no negative relief ever can. Besides, if that be the explanation it does not help the plaintiffs at bar. Again, the test might be whether the superior had given a specific command, instead of merely promulgating a resolution. That, too, would not help the plaintiffs here, and Gnerich v. Rutter, supra, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068, will not fit with it, for only a regulation was there involved. The whole notion appears to have had its source in a judgment of Lord Hardwicke's in 1740 (Vernon v. Blackerby, 2 Atkins 144), the reasoning in which is also not clear. For these reasons we tried in Alcohol Warehouse Co. v. Canfield, supra (11 F.(2d) 214), to find an explanation in the position in which the subordinate would find himself, if enjoined; he would remain under the command of his superior to do that which the court had then forbidden. It may be true that after a question is finally settled by the Supreme Court this is too unreal a danger to be the basis for requiring plaintiffs to bring their suits in Washington; but until that happens, it is by no means so. Officials are frequently puzzled by contrary rulings of inferior federal courts, and can hardly be expected to accept a single one, even if it stands uncontradicted; they may reasonably not give up their views until the final authority has spoken. A subordinate may therefore for a long time find himself in real embarrassment, in a cross-fire to which equity will not ordinarily expose a suitor, as the whole law of interpleader bears witness. This, at any rate, is the only reason we have been able to conjure up. Moreover, whether it is the right one or not, we cannot disregard such deliberate and repeated declarations because of what was said in Colorado v. Toll, supra, 268 U.S. 228, 45 S.Ct. 505, 69 L.Ed. 927.

Decree affirmed.