## ASSOCIATION FOR LEGALIZING AMERICAN LOTTERIES, Inc., et al. v. GOLDMAN.

### No. 450.

Circuit Court of Appeals, Second Circuit.
July 17, 1936.

Benjamin C. Ribman, of New York City (I. Alfred Levy, of New York City, of counsel), for appellants.

Lamar Hardy, U. S. Atty., of New York City (Edward J. Ennis and Irvin C. Rutter, Asst. U. S. Attys., both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

68

PER CURIAM.

This is an appeal from an interlocutory order which denied an ex parte application of the plaintiffs for a rule nisi for an injunction pendente lite, with a stay meanwhile. The suit is like National Conference on Legalizing Lotteries et al. v. Goldman, 85 F.(2d) 66, decided herewith, and the judge was right to deny the application for the reasons there given; but a question arises whether we have any jurisdiction over the appeal. We have been referred to no case in which the situation now at bar has arisen. There are a good many where a stay pending return of a rule nisi has been granted ex parte and the defendant has appealed; the courts have differed as to whether the appeal lies, or whether the defendant must wait until the return day. But the situation is quite different when not only is the stay refused, but even the application for the rule is denied. If the judge granted the rule but refused the stay, and the plaintiffs appealed before the return day, the situation would be analogous and we might have to declare ourselves as to whether there had been the "hearing" specified in section 227, title 28, U.S.Code (28 U.S.C.A. § 227). But the refusal of the rule was a denial not only of the stay but of all relief pendente lite, and it would be absurd to hold that the plaintiff had no appeal from that. Such a refusal denies everything that could have been granted at a "hearing"; surely the plaintiff cannot be in a worse position because this is done by denying even the "hearing" itself.

Order affirmed.