**MASSACHUSETTS FARMERS DEFENSE COMMITTEE v. UNITED STATES et al.**
**No. 139.**

District Court, D. Massachusetts.
March 10, 1939.

942

John L. Murphy, of Boston, Mass., for plaintiff.

John A. Canavan, U. S. Atty.; of Boston, Mass., and John S. L. Yost, Tom C. Clark, and Astor Hogg, Sp. Assts. to Atty. Gen., for defendants.

No appearance for defendant Bustead.

Before BINGHAM, Circuit Judge, and BREWSTER and SWEENEY, District Judges.

SWEENEY, District Judge.

This is an action in which a group of milk producers challenge the constitutionality of the Marketing Agreement Act of 1937, 50 Stat. 246, and the validity of the order thereunder, and seek to enjoin the defendants, except the defendant Bustead, from enforcing the provisions of the act and order.

The Government has filed a motion to dismiss in which it denies the Court's jurisdiction on several grounds, and asserts that the plaintiffs have no standing to question the constitutionality of the act.

For the purpose of the motion to dismiss all of the well pleaded facts appearing in the complaint are deemed to be true, and are the facts before us.

Statements of fact herein are intended as findings of fact, and statements of legal conclusions, as rulings of law, in accordance with Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

No one has appeared for the United States Government, for the Secretary of Agriculture, or for the Attorney General, except for the purpose of urging a motion to dismiss as to all three.

A reading of the act discloses that the Secretary of Agriculture and the Secretary alone is charged with the duty of administering the act and seeing that the orders promulgated by him are enforced. See Sections 8a(6), 8a(7), and 8c(7) (C) of the Marketing Agreement Act of 1937, 7 U.S.C.A. §§ 608a(6, 7), 608c(7) (C); also, Sec. 3 of Article II of Order No. 4 as amended.

The method by which the order is to be enforced is by suits brought in the several district courts of the United States at the request of the Secretary of Agriculture. It is obviously intended that no suit shall be brought unless the Secretary is satisfied that such action is necessary. The significant point is that no one but the Secretary is authorized to request that proceedings be instituted for the purpose of enforcing the provisions of any order, and there is no other way in which the order can be enforced.

It is well settled that where a statute or regulation is challenged as being unlawful or unconstitutional, an injunction will lie only against the person or agency who is charged with the enforcement of the statute or regulation. Federal Trade Commission v. Claire Furnace Co., 274 U. S. 160, 47 S.Ct. 553, 71 L.Ed. 978; Grand Trunk Railroad Company v. Curry, C.C., 162 F. 978; Gnerich v. Rutter, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068; National Conference on Legalizing Lotteries, Inc. v. Goldman, 2 Cir., 85 F.2d 66; Raichle v. Federal Reserve Bank of New York, 2 Cir., 34 F.2d 910; Alcohol Warehouse Corporation v. Canfield, 2 Cir., 11 F.2d 214. See, also, Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411.

It appears from the records that no service has been made upon the Secretary of Agriculture, and this is one of the grounds upon which the motion to dismiss is predicated.

The motion to dismiss was properly presented under Rule 12(b) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c. Personal service upon the Secretary was required. See Rule 4(d) (5) of the Rules of Civil Procedure and Moore's Federal Practice 1938, volume 1, page 331. The objection that the Court had not secured jurisdiction over the Secretary of Agriculture was properly raised by the motion to dismiss. A special appearance was not necessary and the Secretary of Agriculture waived nothing by filing this motion. See Moore's Federal Practice 1938, volume 1, page 627. Since the Secretary was a necessary and indispensable party, and since it appears that no service has been made upon him, the motion to dismiss should be allowed. Transcontinental & Western Air, Inc. v. Farley, 2 Cir., 71 F.2d 288, 291, 292, and cases therein cited; New England Transportation Co. v. Myers, et al., D.C., 15 F.Supp. 807.

The formula set up in the act and the order provides that as a minimum the producer shall receive from the handler such

a sum of money as may be arrived at by deducting a two cents per hundredweight marketing service fee and a two cents per hundredweight administration expense from a blended price arrived at by a computation, the method of which is set up in the order and act. The price to be paid to the producers is, therefore, but a minimum price. United States of America, et al. v. H. P. Hood & Sons, Inc., 26 F.Supp. 672, decided in this district February 23, 1939. The plaintiffs are not affected by the act or the order, except insofar as the Government sets up a minimum price to be paid to them. Wallace v. Ganley, 68 App. D.C. 235, 95 F.2d 364, 366, and cases there cited.

There is nothing in the act that prohibits a handler from paying more to the producer than the figure arrived at under the above formula. There are no other provisions of the act that deal with the producers either in the affirmative or negative sense. Section 8c(1), 7 U.S.C.A. § 608c(1), makes orders issued pursuant thereto applicable only to "handlers". Section 8c(13) (B), 7 U.S.C.A. § 608c(13) (B), specifically provides that "No order issued under this title [chapter] shall be applicable to any producer in his capacity as a producer." Neither the act nor the order requires the producers to do or refrain from doing anything. Consequently, the plaintiffs in this case are in no position to challenge the constitutionality of the act or order. Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078. See, also, Hegeman Farms Corp. v. Baldwin, 293 U.S. 163, 170, 55 S.Ct. 7, 79 L.Ed. 259; and Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374.

To come within the terms of the Federal Declaratory Judgment Act (28 U.S.C.A. § 400), the controversy must be definite and concrete, real and substantial, and admitting of specific relief through a decree of a conclusive character. Aetna Life Insurance Co. v. Haworth, et al., 300 U.S. 227, 240, 241, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, and cases there cited. See, also, Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688; Myers v. Bethlehem Shipbuilding Corporation, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638.

In view of what has already been said, it is clear that the action in question does not meet with these requirements. The motion to dismiss is allowed.