**VIKING PRESS, Inc., v. GOLDMAN, Postmaster.**

District Court, S. D. New York.
May 8, 1941.

V. Henry Rothschild, 2d, of New York City, for plaintiff.

Arthur Garfield Hays, Myron S. Isaacs, and Mathias F. Correa, U. S. Atty., all of New York City (Edward J. Ennis and David McKibbin, 3d, Asst. U. S. Attys., both of New York City, of counsel), for defendant.

HULBERT, District Judge.

The plaintiff sued the Postmaster of New York, N. Y., for a permanent injunction and moved for a restraining order pendente lite. After the defendant had moved for a summary judgment, before answer, Rule 56 (b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, plaintiff served a second amended complaint. By consent of the parties the motion is to be deemed directed to plaintiff's last pleading. Plaintiff has also served a cross motion for summary judgment which does not accord with Rule 56 (a) as no answer has been served. If the defendant's motion were denied, he would be entitled to answer.

Plaintiff's contention, that the ultimate authority for classification of publications mailable at book rate, pursuant to Presidential proclamation of October 31, 1938, and June 30, 1939, is vested in the Postmaster at the point of attempted mailing, cannot be sustained.

Section 396, R.S., as amended, Title 5 U.S.C.A. § 369, provides, in part, that it shall be the duty of the Postmaster General:

"Second. To instruct all persons in the Postal Service with reference to their duties.

* * *

"Ninth. To superintend generally the business of the department and execute all laws relative to the Postal Service."

The Postal Regulations provide:

"To the Third Assistant Postmaster General are assigned * * * the classification of domestic mail matter." Code of Federal Regulations, Title 39, Postal Service paragraph 1.7 a.

"The Division of Classification, under the supervision of the superintendent, is charged with the consideraton of all questions relating to the classification of matter admissible to the mails, intended or deposited for mailing * * *" 39 CFR 1.7 e.

A letter of instructions from the Third Postmaster General dated November 5, 1938, to Postmasters, attempted to classify the type of material mailable under the Presidential proclamation, but in doubtful cases suggested that the Postmaster submit the subject matter in question to the Bureau of Classification in Washington.

The record before me indicates that the defendant attempted to comply with the prescribed procedure and the instructions of his superiors. Practical administration necessitated this. To prevent confusion and chaos a single ultimate authority must exist.

In Alcohol Warehouse Corp. v. Canfield, 11 F.2d 214, the Circuit Court of Appeals, Second Circuit, in construing Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411, Warner Valley Stock Co. v. Smith, 165 U.S. 28, 17 S.Ct. 225, 41 L.Ed. 621, and Gnerich v. Rutter, 265 U.S. 388, 44 S. Ct. 532, 68 L.Ed. 1068, ruled that the exercise of discretion by a subordinate officer did not eliminate his superior officer as an indispensable party, stating at page 215 of 11 F.2d: "In Warner Valley Stock Co. v. Smith, supra, the action of the subordinate was, it is true, only incidental, and in execution of decisions with which the Secretary of the Interior was primarily charged; but in Gnerich v. Rutter, supra, the case was quite different. There the plaintiff complained of restrictions in a permit issued by the prohibition commissioner, which the local prohibition director threatened to enforce. The prohibition commissioner had so written the permit in the exercise of a discretion which he assumed to be vested in him by the regulations. While the result might be accounted for under Lord Hardwicke's dictum, if the prohibition commissioner alone had been thought a necessary party, it is impossible to see how the Commissioner of Internal Revenue was necessary, unless the doctrine covers acts of subordinates, discretionary as well as ministerial. Webster v. Fall, supra, involved a case where the act of the subordinate involved a decision whether an Indian who claimed payment was drunk at the time or had liquor within convenient reach, scarcely a purely ministerial duty."

In the case of National Conference on Legalizing American Lotteries v. Goldman, 2 Cir., 85 F.2d 66, at page 67, the court holding that the Postmaster General was an indispensable party, in its opinion con-

**1016**

fessed a lack of definiteness regarding the basis of the rule compelling the superior officer to be joined as a party in suits against subordinates and suggests that the explanation lies in the position in which the subordinate would find himself, if enjoined, stating: "* * * he would remain under the command of his superior to do that which the court had then forbidden. It may be true that after a question is finally settled by the Supreme Court this is too unreal a danger to be the basis for requiring plaintiffs to bring their suits in Washington; but until that happens, it is by no means so. Officials are frequently puzzled by contrary rulings of inferior federal courts, and can hardly be expected to accept a single one, even if it stands uncontradicted; they may reasonably not give up their views until the final authority has spoken. A subordinate may therefore for a long time find himself in real embarrassment, in a cross-fire to which equity will not ordinarily expose a suitor, as the whole law of interpleader bears witness. This, at any rate, is the only reason we have been able to conjure up."

The Lotteries and Canfield cases, supra, were cited with approval in Jewel Productions, Inc. v. Morgenthau, 2 Cir., 100 F.2d 390.

Thus, in this Circuit, at least, the mere fact that the subordinate official is vested with a discretion under a regulation of his superior does not permit suit against the subordinate without joining his superior officer.

For the reasons above set forth, this action cannot proceed further in the absence of the Postmaster General as a party defendant and, in view of my decision in Smith v. Farley, D.C., 38 F.Supp. 1012, dated April 23, 1936, the complaint should be dismissed.