**SCIENTIFIC MFG. CO. et al. v. WALKER, Postmaster General, et al.**

No. 753.

District Court, M. D. Pennsylvania.

Sept. 13, 1941.

George W. Ellis, and Wm. J. Fitzgerald, both of Scranton, Pa., for plaintiffs.

Frederick V. Follmer, U. S. Atty., and Joseph P. Brennan, Asst. U. S. Atty., both of Scranton, Pa., for the Government.

WATSON, District Judge.

In this action the plaintiffs prayed for an injunction prohibiting Frank Walker, Postmaster General, and Joseph Conrad, Postmaster at Scranton, Pennsylvania, from enforcing the terms of a fraud order issued by the Postmaster General under date of August 16, 1941, pursuant to the authority contained in 39 U.S.C.A., § 259, and § 732.

On August 21, 1941, the plaintiffs instituted this proceeding by filing a complaint against the "United States of America, Postal Service Department." A summons captioned in this manner was duly issued and delivered to the Marshal for service. The Marshal made his return of service on the reverse side of the summons as follows:

"I received the within summons and executed same August 21st 1941, by making service on Joseph Conrad, Postmaster, Scranton, Pa. by making service on William F. Gibbons, Assistant Postmaster, and on the United States District Attorney, Frederick Follmor, by making service on

Joseph Brennan, Assistant U. S. Attorney, by reading to them and making known the contents of the within summons and by leaving with each a true attested copy of the within summons together with complaint. Service was made in the office of the Postmaster and the U. S. Attorneys Office, Post Office Building, Scranton, Lackawanna County and within the Middle District of Pennsylvania; and on August 25th, A. D. 1941, executed the within Summons by mailing by Registered mail a true and attested copy of the within Summons together with Amended Complaint to Hon. Frank Walker, Postmaster General, Washington, D. C., and on August 27th, A. D., 1941, executed the within Summons by mailing by Registered mail a true and attested copy of the within Summons together with Amended Complaint to the Attorney General, Department of Justice, Washington, D. C. Attached hereto Registered return receipt cards."

On August 22, 1941, an amended complaint was filed against "Frank Walker, Postmaster General, and Joseph Conrad, Postmaster at Scranton, Pennsylvania, of the United States of America Postal Authorities." A summons captioned in this manner was duly issued and delivered to the Marshal for service. The Marshal made his return of service on the reverse side of the summons as follows:

"I hereby certify and return that on the 30th day of August, 1941, I received the within Summons, and on August 30th, A. D. 1941, executed the within Summons on Frank Walker, Postmaster General of the United States, by making personal service on Joseph F. Conrad, Postmaster, and Agent, for Frank Walker, Postmaster General of the United States, by reading to and making known the contents thereof, and by leaving with the said Joseph F. Conrad, a true attested copy of the within writ together with Amended Complaint, Motion for Temporary Injunction, and Notice of Motion for Temporary Injunction, Amended Complaint, and Order. Service made on Joseph F. Conrad, Postmaster and Agent for Frank Walker, Postmaster General of the United States, at the office of the Postal Authorities, located in the Post Office Building, Scranton, Lackawanna County, and within the jurisdiction of the Middle District of Pennsylvania."

Attached to copies of the motion for temporary injunction, notice of application for temporary injunction and amended complaint, appear the following: "Now to wit, August 30, A.D. 1941, executed the within writ by making personal service on Joseph F. Conrad, Postmaster, by reading to and making known to him the contents thereof, and by leaving with the said Joseph F. Conrad a copy of the within writ. Service was made on Joseph F. Conrad, Postmaster, at his office located in the Post Office Building, Scranton, Lackawanna County, and within the jurisdiction of the Middle District of Pennsylvania. So Answers: Robert W. Rabb, U. S. Marshal, per Leo Feigenbaum, Deputy."

The plaintiffs were granted leave to change, for no apparent reason, the caption in the case to conform to the caption in the amended complaint. Plaintiffs filed a motion for a temporary injunction before the amended complaint was filed and before this motion was disposed of by the Court, but, after the amended complaint was filed, the plaintiffs filed another motion for a temporary injunction. The plaintiffs sent copies of the amended complaint to the Postmaster General and other Washington officials together with notice of hearing on motions for injunctions. The Postmaster appeared and moved to dismiss the complaint, the amended complaint, the summons, and the entire action. This motion to dismiss challenged the jurisdiction of this court. Therefore, it was given precedence to the motions for injunctions.

■ It will be noted that none of the present defendants were parties to the original case, and, in fact, it is extremely doubtful if there was an original party defendant, inasmuch as the defendant named in the original complaint does not exist. The correct title of the defendant apparently sought by the plaintiffs in the original complaint filed is "The Post Office Department", 5 U.S.C.A. § 361. Moreover, the only one of the present defendants upon whom a purported service was made of the summons issued in compliance with the amended complaint was the Postmaster General. This service was not made in accordance with Rule 4(d) (4) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, nor any other rule or statute governing service of process in the Federal Courts in cases of this nature. It appears that the service of the notice of application for a temporary injunction, motion for a temporary injunction, and amended complaint, were served upon Joseph Conrad, Postmaster; but it does not

appear that the summons was ever served upon Joseph F. Conrad individually or as Postmaster. Although the plaintiffs filed proofs of service of various matters by their agents, insofar as obtaining jurisdiction of the defendants is concerned, these services were invalid, because the plaintiffs neither applied for nor received authority to have service of process made by any one other than the United States Marshal, Rule 4(c). However, the question more serious than the service of process in this case is the question of venue, and, if the Postmaster General cannot be sued in this District, then the manner of service upon him in this case is of no consequence.

■ 28 U.S.C.A. § 112 provides in part that " * * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; * * *." The Postmaster General, in his official capacity, is an inhabitant of Washington, D. C., 5 U.S.C.A. § 361; Smith v. Farley, D.C., 38 F.Supp. 1012; Butterworth v. Hill, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119; Canon v. Robertson, D. C., 32 F.2d 295. When sued in his official capacity, the Court does not acquire jurisdiction of the case as against the Postmaster General even though he is an inhabitant, as a private individual, of the district in which the Court is located. Smith v. Farley, supra; see, also, Canon v. Robertson, supra. It follows, therefore, that this Court has not acquired jurisdiction of this action as against the Postmaster General.

■ The plaintiffs contend that since the Federal Rules of Civil Procedure in Rule 4 provide a method of serving officers and agencies of the United States, this Court, by virtue of the Rules is granted jurisdiction. In so contending, the plaintiffs fail to distinguish between jurisdiction of a district court in personam and venue and fail to note the clear provisions of Rule 82 of the Federal Rules of Civil Procedure, which provides that "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein." Hence, assuming that service had been made upon the Postmaster General in accordance with the Federal Rules of Civil Procedure, it is unnecessary to determine the question of whether or not this Court has acquired in personam jurisdiction over the Postmaster General by virtue of Rule 4(d) (4). As has been shown, the objection to the venue of the action is well founded, and this objection is clearly unaffected by the Federal Rules of Civil Procedure.

■ Having determined that the Court is without jurisdiction of the action as against the Postmaster General, and that as to him the action must be dismissed, the question arises as to whether or not the action may be maintained against the Defendant, Joseph Conrad, Postmaster. Disregarding the question of the validity of the service of process, the question presented is, whether or not a subordinate government official may be enjoined in an action to which his superior is not a party. Upon this question the authorities are not in accord. The Supreme Court in Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411, in a substantially similar case, appeared to determine once and for all that an action may not be maintained against a subordinate without the joinder of his superior. However, in the later case of Colorado v. Toll, 268 U.S. 228, 45 S.Ct. 505, 69 L.Ed. 927, the Supreme Court approved an action by a state against a subordinate official alone, but it is not clear whether in so ruling the Court was making an exception in the case of sovereigns to the rule of Webster v. Fall, supra, or was departing from the doctrine entirely. The case of L. R. Brooks v. Archie Dewar et al., 61 S.Ct. 979, 981, 85 L.Ed. 1399, decided May 26, 1941, concerns an action brought against a subordinate official in the state courts of Nevada, and the superior official, the Secretary of the Interior, was not made a party to the action. In this case, in refusing to pass upon the question here presented and certain other questions the Court stated that "As this Court remarked nearly sixty years ago respecting questions of this kind, they 'have rarely been free from difficulty' and it is not 'an easy matter to reconcile all the decisions of the court in this class of cases.' The statement applies with equal force at this day. We are not disposed to attempt a critique of the authorities. Since the jurisdiction and the procedure of the court below is sustained by decisions of this Court, we are unwilling to base our judgment upon a resolution of asserted conflict touching issues of so grave consequence where, as here, the bill fails to make a case upon the

merits." Hence, in this case, further doubt is cast upon the authority of Webster v. Fall, supra.

The question has received careful consideration in two recent cases which contain an exhaustive analysis of the decisions. National Conference on Legalizing Lotteries v. Goldman, 2 Cir., 85 F.2d 66; Ernest et al. v. Fleissner, D.C., 38 F.Supp. 326. A study of these two cases reveals the futility of trying further to harmonize the existing decisions. As was intimated by Judge Hand in National Conference on Legalizing Lotteries v. Goldman, supra, it is exceedingly difficult to even "conjure up" a reason for the rule that a superior official is an indispensable party. However, the existence of the rule has been so often acknowledged that it cannot be denied. Furthermore, the application of such a rule is required, if at all, in a case such as this where the subordinate does not have the power to make, alter, or revoke the order complained of, nor to exercise any discretion in its execution. It is my conclusion, therefore, that the Postmaster General is an indispensable party to the present action. From this conclusion it follows that the action must be dismissed.

Now, September 13, 1941, it is ordered that the complaint and the amended complaint in the above entitled case be, and they are hereby, dismissed without prejudice to the plaintiffs to commence a similar action against the Postmaster General in the District of Columbia.