**TAYLOR v. LATIMER, Railroad Retirement Board.**

**No. 1007.**

District Court, W. D. Missouri, W. D.

Oct. 16, 1942.

**REEVES, District Judge.**

This is a suit, as the caption indicates, against the United States Railroad Retirement Board. Plaintiff seeks to annul a final order of the Board, dated July 15, 1941, wherein the Board found that the plaintiff was not totally and permanently disabled within the ambit of the Railroad Retirement Act, 45 U.S.C.A. §§ 228a et seq., and he prays that upon such annulment he be adjudged by this court to be entitled to the full annuity provided for by said Railroad Retirement Act as of January 1, 1938.

When the suit was filed service was had in the usual form, upon the Attorney General of the United States, by mailing a certified copy of the petition and summons to that officer at Washington, D. C.

The defendant in due course filed a motion to dismiss as well as a motion for a summary judgment. Attached to the motion for a summary judgment were certain affidavits as well as a complete transcript of the proceedings before the Railroad Retirement Board and the various divisions of said board, such as the Claims Service Disability Rating Board, the Appeals Council, etc.

Counsel for both the litigants have presented for the aid of the court well prepared and informative briefs. These have been examined, and the transcript of the proceedings before the Railroad Retirement Board has been read.

Each of the motions will be discussed and other facts will be stated as they may become pertinent in this discussion.

1. Paragraph (d), Section 5, of Rule 4 of the Rules of Civil Procedure, 28 U.S. C.A. following section 723c, provides that, where suit is instituted against an officer or agency of the United States, service may be had "by serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency." Service was duly made upon the United States in the manner prescribed by the rule, but no service was had upon the defendant officers.

It will be observed from the foregoing that the service was incomplete and, therefore, inadequate. There was an averment in the petition that the Board had established an office within the Western District of Missouri. It could hardly be doubted but that it was contemplated that service of process must be had there upon the officers thus sued.

Because of the importance of the case, the motion to dismiss, though properly lodged and timely, will not bar a discussion and ruling on the motion for a summary judgment and especially since the defendants have voluntarily appeared and filed an important pleading to the complaint.

2. Rule No. 56 of our Rules of Civil Procedure makes provision for a motion for a summary judgment. It is contemplated on such motions that evidentiary matter may be submitted, including affidavits, depositions, etc. The transcript of the proceedings before the Railroad Retirement Board is on file and properly presented for the consideration of said motion.

Since it is charged "that the decision of the Board is arbitrary, capricious, unsupported by substantial or competent evidence in the record before the Board, and is contrary to the competent evidence and that said decision resulted from the ignoring of evidence adduced on behalf of plaintiff and an abuse of discretion on the part of the Board; and further states that the finding therein is not a judicial decision and plaintiff is not bound thereby", it becomes the duty of the court to examine the transcript to ascertain whether such averments have factual support or whether, on the contrary, the records would contradict and gainsay such averments. Moreover, the identical evidence is presented on the motion as would or could be presented on a trial. This statement is made for the reason that quite clearly Section 228k, 45 U.S.C.A., contemplates that the jurisdiction of the court in such an action is limited to a review of the decision reached by the Railroad Retirement Board and no more. Note this language: "An employee * * * aggrieved may apply to the dis-

trict court of any district wherein the Board may have established an office * * * to compel the Board (1) to set aside an action or decision of the Board claimed to be in violation of a legal right of the applicant. * * * The decision of the Board with respect to an annuity * * * shall not be subject to review by any court unless suit is commenced within one year after the decision shall have been entered upon the records of the Board and communicated to the person claiming the annuity, * * *."

While it is further provided that this will not exclude other jurisdiction of the court, yet the additional jurisdiction is confined to such actions as may be brought "in aid of the enforcement of rights or obligations arising under the provisions" of said act.

The plaintiff seeks in this review to annul the decision of the Board and upon the same record to have a decision in his favor.

■ It is the law which needs not be supported by the citation of authorities that, on reviewing the order or decision of an administrative board, a court or judge can go no further than to ascertain if the decision is supported by substantial testimony, and, if so, such decision cannot be overruled and must be confirmed.

3. The question for decision presented to the Railroad Retirement Board was whether the plaintiff, who had not attained the age of sixty years, was totally and permanently disabled within the purview of the law and the regulations lawfully prescribed by the Board. It was admitted that he had been engaged in railroad service for more than thirty years. To support his contention that he was totally and permanently disabled, the plaintiff presented verified statements of sundry physicians and also the affidavits of lay persons who were acquainted with him. In many instances this clearly usurped the functions of the Board by statement of conclusions that the plaintiff was in fact totally and permanently disabled.

Plaintiff submitted, at the instance of the Board, to a thorough medical examination by physicians of the Veterans' Facility, at Excelsior Springs, Missouri. The report on this examination was submitted to the Board and such report, with that of other medical data, was examined and analyzed by the Board with the aid and advice of its own medical experts. The matter was first heard by the Claims Service Disability Rat-

ing Board, and by that division it was found that the plaintiff was not totally and permanently disabled so as to entitle him to the annuity sought. This division granted repeated hearings and received additional testimony from time to time but in the end adhered to its original decision.

Plaintiff appealed to the Appeals Council, another division of the Board. Again, the evidence previously taken was received and much additional testimony offered. Plaintiff himself was present at the hearing. The Appeals Council reached a decision precisely like that given by the Claims Service Disability Rating Board.

An appeal was then taken to the entire Board. The whole Board, after an extensive hearing and a full review of the assembled and marshalled testimony and medical data, unanimously found that the plaintiff was not totally and permanently disabled.

In examining the long record one is impressed with the solicitude and desire of the Board, its attaches, representatives and assistants, to afford to the plaintiff every facility and opportunity to establish his rights, if any existed. The Board was not arbitrary, but indulgent, painstaking and careful. An examination of the medical reports, including the other evidence, will be sufficient to confirm even a lay person in the conclusion that the plaintiff was not disabled within the law so as to entitle him to the annuity sought.

■ 4. Plaintiff complains that evidence before the Board did not come up to the usual standards of a proper procedural inquiry. Again, it needs no citation of authorities to suggest that the law contemplates informality in the proceedings before administrative boards. The courts hold such boards only to the duty of receiving dependable and reliable evidence; that means, such as reasonable persons would rely upon as expressive of the truth. In this case, the Board received evidence uniformly received and relied upon by the courts. The Summary judgment rule contemplates the use of affidavits.

■ The Veterans' Facility at Excelsior Springs, Missouri, is itself a government agency, and the record of the examinations made there are upon proper proof accepted as evidentiary in court proceedings. Moreover, the plaintiff himself accepted such procedure and adjusted himself to it by presenting to the Board ex

parte statements. He facilitated the inquiry by submitting to an examination at the Veterans' Facility, at Excelsior Springs, Missouri. He understood the purpose of such examination and acquiesced in it. The decision of the Board was not only amply supported by the evidence, but, aside from mere statement of conclusions, there was no evidence, or, at least it was very slight, to the contrary.

The motion for judgment on the pleadings should be sustained and it will be so ordered.