**FEDERAL LANDLORDS COMMITTEE, Inc. et al. v. WOODS, Housing Expediter.**

United States District Court
S. D. New York.

July 5, 1949.

Jerome F. P. Tobin, New York City, attorney for plaintiffs (Hallam M. Richardson, New York City, of counsel).

Ed Dupree, General Counsel, Benjamin I. Shulman, Special Litigation Attorney, Office of the Housing Expediter, Washington, D. C.

John F. X. McGohey, United States Attorney for the Southern District of New York, New York City.

Sylvan D. Freeman, Chief, Litigation Section, Office of the Housing Expediter. New York City.

Before L. HAND, Chief Judge, and LEIBELL and RYAN, District Judges.

LEIBELL, District Judge.

This is an action instituted by two corporate plaintiffs (1) Federal Landlords Committee, Inc., a New York corporation organized "to protect the equities of its members as owner of residential properties which are allegedly affected by the Housing and Rent Act of 1949" and (2) Diamond Construction Company, Inc., as the owner, operator and builder of residential properties alleged to be affected by the Housing and Rent Act of 1949, 50 U.S.C.A.Appendix, § 1884 et seq. The defendant is the Housing Expediter, Tighe E. Woods, designated as an "officer and official of the United States Government".

 The defendant, on June 21, 1949 moved the Court to dismiss the action on the grounds that:-

"1(a). The Housing Expediter may not be sued in the present jurisdiction, (b) He has not been served with process.

"2. The suit is in effect a suit against the United States which has not consented thereto.

"3. No justiciable case or controversy is here involved.

"4. Plaintiffs have not exhausted their administrative remedies."

As to the first grounds, the plaintiffs contend that the defendant by attacking the sufficiency of the complaint, has appeared generally. There is no merit to this contention. Under Rule 12(g), Federal Rules of Civil Procedure, 28 U.S.C.A., providing for the consolidation of defenses raised by way of motion, it is provided that:- "A party who makes a motion under this rule may join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on any of the defenses or objections so omitted, except as provided in subdivision (h) of this rule."

Prior to the amendment of this Rule, effective March 19, 1948, Rule 12(g) had provided for the consolidation of motions into two groups; one, those with respect to objections based upon jurisdiction and venue; and the other, motions under other subdivisions of the Rule made subsequent to the jurisdictional motions. This procedure in effect permitted a special appearance pending the determination of the motions dealing with jurisdiction and venue. Under the present rule the failure to join the other motions with those based upon jurisdiction appears to create a waiver of those defenses by way of motion. See Notes of Advisory Committee on Amendments to the Rules and 16 Cal. State Bar Journ. 152, cited in 28 U.S.C.A. Rule 12.

The defendant therefore properly joined the substantive motions with those based upon jurisdictional objections pursuant to Rule 12(g), as amended, without waiving his jurisdictional or venue objections.

 The Marshal's return on the original summons certified that he served the defendant, Woods, by delivering to and leaving a copy of the summons and complaint with the United States Attorney's office, S.D.N.Y., and by sending two copies thereof to the Attorney-General, Washington, D. C. On another return made by the Marshal for the District of Columbia, it is certified that the defendant Woods was served by delivery of a copy of the summons and complaint to E. D. Dupree, General Counsel of the Office of the Housing Expediter, at Washington, D. C. No papers were served on any representative of the Housing Expediter in the Southern District of New York. The amended complaint was served by registered mail on the Housing Expediter, Washington, D. C. and on the Attorney General, Washington, D. C.

Rule 4(d) (5), F.R.C.P. provides:-
" * * * Service shall be made as follows:

"(5) Upon an officer or agency of the United States, by serving the United States and by delivering a copy of the summons and of the complaint to such officer or

agency. If the agency is a corporation the copy shall be delivered as provided in paragraph (3) of this subdivision of this rule."

Service upon the United States, as therein provided for, is made pursuant to Rule 4(d) (4), which states:-

"Service shall be made as follows:-

"(4) Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought * * * and by sending a copy of the summons and of the complaint by registered mail to the Attorney General of the United States at Washington, District of Columbia * * *."

Moore's Federal Practice (2d Ed.) Vol. 2, p. 992 states: .

"While the meaning of 'delivered' is not entirely clear the cases establish that, at least in non-statutory actions against an individual federal official, personal service on the official is necessary, and service on the United States Attorney or on one of the official's subordinates is not sufficient to obtain jurisdiction over the official."

Under Rule 4(d) (5) service upon the United States alone, by service upon the United States Attorney, is insufficient to bring the individual officer or agency (the Housing Expediter) before the Court. Taylor v. Latimer, D.C.W.D.Mo.1942, 47 F.Supp. 236; Klein v. Hines, D.C.N.D.Ill. 1941, 1 F.R.D. 649.

■ The plaintiffs' attempt to serve the Housing Expediter, Woods, at Washington, D. C., did not complete compliance with the Rule, in conjunction with service upon the United States Attorney and the Attorney General. The return states that service was made upon the General Counsel to the Housing Expediter. That does not appear to comply with the Rule which requires personal service on the officer named as a defendant. Scientific Mfg. Co. v. Walker, D.C., 40 F.Supp. 465; Waterman v. Somervell, D.C., 34 F.Supp. 695. Here, however the plaintiffs argue that service on the General Counsel to the Housing Expediter was the usual manner in which service was effected against the Housing Expediter and in effect that in such circumstances the General Counsel had been delegated by the Housing Expediter as his agent for the acceptance of service of process. Service on this administrative officer would, under those conditions, be service on the Housing Expediter personally. See, Scientific Mfg. Co. v. Walker, supra.

■ Assuming this be true, nevertheless the service of process as made in this case, would still be insufficient to give this court jurisdiction over the person of the Housing Expediter. The process was issued out of the District Court for the Southern District of New York and served in Washington, District of Columbia. Rule 4(f), F.R.C.P., provides:-

"Territorial Limits of Effective Service. "All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. * * *" See Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871, 875, certiorari denied Orange Theatre Corp. v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573.

The provisions of the Housing and Rent Act of 1949 and of Rule 4(d) (5), F.R. C.P. do not provide for an extension of the territorial limits of effective service of process.[1]

1. Sec. 206(e) of the Housing and Rent Act of 1949 provides: "The principal office of the Housing Expediter shall be in the District of Columbia, but he or any duly authorized representative may exercise any or all of his powers in any place and attorneys appointed by the Housing Expediter may, under such authority as may be granted by the Attorney General, appear for and represent the United States in any case arising under this Act." This however does not give any authority for the extension of service of process or even for the acceptance of service by an administrative representative or regional representative.

The defendant, Tighe E. Woods, Housing Expediter, is not a resident of the Southern District of New York. In an affidavit submitted in support of the motion he states:-

"That he is presently the duly appointed and qualified Housing Expediter of the Office of the Housing Expediter, pursuant to appointment * * * that as such official, affiant is now and has been since the date of such appointment, administering the powers, functions, and duties under the Housing and Rent Act of 1947 (50 U.S.C.App. Sec. 1881 et seq.), as is provided in Section 204(a) thereof; that his official residence now is and at all times since November 1, 1947, has been in the City of Washington, District of Columbia; that his home is not in the State of New York and he is not an inhabitant thereof."

In Butterworth v. Hill, 1885, 114 U.S. 128, 5 S.Ct. 796, 798, 29 L.Ed. 119, where the federal officer accepted service of process in Washington, D. C., as having been "duly served" on him, such service was insufficient to bring the defendant, the Patent Commissioner, before the district court in Vermont. The Court stated:-

"The subpoena in this case was delivered to him in the District of Columbia, and his acceptance of service was made there. That is apparent from the face of his indorsement * * *. Unless, therefore, the acceptance of service as indorsed on the writ is to be treated, as a voluntary appearance by the commissioner in the court in Vermont, without objection to the jurisdiction, the case stands as it would if the process had been actually served on him in the District of Columbia by some competent officer. * * * The fair meaning of the indorsement on the writ is that the commissioner admits the service with the same effect it would have if made by an officer in the District of Columbia. * * * The parties proceeded, therefore, at their own risk, and without the consent of the defendant to the jurisdiction of the court. Such being the case, we are of the opinion that the court was

without jurisdiction, and had no authority to enter the decree which has been appealed from."

The service of process in this action was therefore ineffective to bring the defendant before this court and the court lacks jurisdiction over the person of the defendant. Herman v. Woods,[2] S.D.N.Y.Civ. 44-244, and Freudenthal v. Porter,[2] S.D.N.Y. Civ. 35-526, two unreported cases, support this view.

The motion to dismiss the action is granted for lack of jurisdiction over the person of the defendant.

---

2. No opinion for publication.