**TRIGO BROS. PACKING CORP.,**
Plaintiff,

v.

**James W. S. DAVIS, Supervisor in Charge of the Alcohol and Tobacco Tax Division in Puerto Rico, Defendant.**

Civ. No. 9533.

United States District Court
D. Puerto Rico,
San Juan Division.

March 26, 1958.

Sydney Krause and Luis E. Garcia Benitez, Santurce, P. R., for plaintiff.

Ruben Rodriguez Antongiorgi, U. S. Atty., San Juan, P. R., for defendant.

Juan B. Fernandez Badillo, amicus curiae, San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

In this action for declaratory judgment plaintiff seeks a declaration by the Court to the effect that the size of fill provisions of Section 5 of the Federal Alcohol Administration Act (Title 27 U.S.C.A. Sec. 205(e)) and the Regulations issued thereunder are inapplicable to intrastate liquor transactions wholly consummated within the Commonwealth of Puerto Rico. Specifically, plaintiff objects to the intra-commonwealth application of Section 70 of the Wine Regulations, prohibiting the selling of wine in containers other than those made standard by the Regulations. Section 72(a) of the Regulations sets forth certain standards but does not include a 12 ounce or ¾ size. Plaintiff has established a thriving business in selling its wines within the Commonwealth in 12 oz. bottles and would suffer great loss if the Federal Alcohol Administration Act and the wine regulations issued thereunder were given an intra-commonwealth application.

Section 17 of the Federal Alcohol Administration Act, 27 U.S.C.A. Sec. 211 provides as follows:

"Definitions; amendment or repeal of chapter; separability clause.

"(a) As used in this chapter—

"(1) The term 'United States' means the several States and Territories and the District of Columbia; the term 'State' includes a Territory and the District of Columbia; and the term 'Territory' means Alaska, Hawaii, and *Puerto Rico*.

"(2) The term 'interstate or foreign commerce' means commerce between any State and any place out-

side thereof, or commerce within any Territory or the District of Columbia, or between points within the same State but through any place outside thereof."

Thus the argument for defendant is that as the word "State" includes a "Territory", and the term "Territory" includes Puerto Rico, commerce *within* Puerto Rico is "interstate" or foreign commerce, by the definition stated in (a) (2) of Section 17, (Sec. 211(a) (2), Title 27 U.S.C.A.), and is thus subject to the fill provisions of the Wine Regulations.

As stated on page 5 of the brief of the amicus curiae, this is a narrow issue, and does not involve any question of the power of Congress under Article IV, Section 3, Clause 2 of the Constitution, nor any question of the effect of a unilateral amendment by Congress of the provisions of the compact which determine the relations between the United States and Puerto Rico.

Plaintiff's position is that the Federal Alcohol Administration Act and the regulations issued under it are no longer applicable since Puerto Rico became a Commonwealth to purely intra-commonwealth wine transactions, and that the internal commerce of Puerto Rico is a matter of local concern. This is also the position of the amicus curiae.

United States v. Figueroa Rios, D.C., 140 F.Supp. 376 dealt with intra-commonwealth application of the Federal Firearms Act. Title 15 U.S.C.A. § 902 (e). A review of the different bodies politic fashioned by Congress under Art. 4, Sec. 3, clause 2 of the Constitution was made by the Court and a discussion of the labels applied to Territories by the Supreme Court was undertaken, with the result that the Court concluded that Puerto Rico was no longer covered by the labels "Territories" and "possessions" as used in general statutes, which reflect the supervisory powers of Congress over the territories. The Figueroa case in addition particularizes, beginning at the third paragraph on page 380 of 140 F. Supp. the differences, the important

*political* differences between Organic Act Puerto Rico and Commonwealth Puerto Rico. It is unnecessary at this time to quote at length from the Figueroa case; however, one paragraph is appropriate in the present context as a starting point for a discussion of the point involved in the case at bar, but left undecided by Figueroa: "At present, such local transactions or conduct are to be dealt with by the Commonwealth under its own Constitution and internal laws, and it would be frustrative of the very purpose and intention of Congress in establishing the new status to now hold that said statute may accomplish by indirection the very thing that Congress expressly wanted to leave in the hands of the Commonwealth's government." 140 Fed. Supp. 376, at page 381.

The size of fill of wine bottles to be sold exclusively in Puerto Rico is certainly a local transaction of the type covered by the preceding quotation. However, it is contended that the rationale of the Figueroa case is inapplicable to the present situation because in the statute now under consideration commerce *within Puerto Rico* is expressly covered by definition without any attempt to include such commerce under the old labels of "territory" or "possession". The short answer to that is that Public Law 600, 64 Stat. 319 (48 U.S.C.A. § 731b et seq.) provides in section 6, as follows: "All laws or parts of laws inconsistent with this Act are hereby repealed."

I must hold that the Federal Alcohol Administration Act, Title 27 U.S.C.A. § 201 which was approved in 1935, and specifically Sec. 211(a) (1) and (2) thereof, are indeed inconsistent with Law 600.

Nothing would be gained by an exhaustive explanation of why Federal, rather than Commonwealth, regulation of the amount of wine a Puerto Rican consumer must perforce buy in Puerto Rico in each bottle, is inconsistent with Act 600. That is explained in United States v. Figueroa, supra. Consistent with the ruling in that case, interstate transactions are to be governed by Title

27 U.S.C.A. Sec. 201 et seq. as a Federal Statute not locally inapplicable but applicable with the same force and effect in Puerto Rico as in the United States, see sec. 9 Federal Relations Act, Title 48 U.S.C.A. sec. 734; local transactions by appropriate laws approved by the Legislature of the Commonwealth.

For the reasons stated, the defendant's motion to dismiss is hereby denied. As this decision disposes of the only question in controversy in the case, i. e., the applicability of the Federal Wine Regulations to wine bottled in the Commonwealth of Puerto Rico exclusively for sale, distribution and consumption in the Commonwealth, it follows that a declaratory judgment, as requested by plaintiff, must be entered.

### Judgment

It is hereby declared and adjudged that the Wine Regulations respecting fill of container issued under the Federal Alcohol Administration Act, Title 27 U.S.C.A. sec. 201, are not applicable in the Commonwealth of Puerto Rico insofar as wine bottled within the Commonwealth for sale distribution and consumption within the Commonwealth is concerned.